# Southern Railway Co. *v*. Bunnell.

*Action against Railroad Company by Passenger for Wrongful Ejection from Train.*

1. *Action by passenger for ejection from train; sufficiency of complaint.*—In an action against a railroad company by a passenger, to recover damages for the alleged wrongful ejection from a train. a count of the complaint which, after averring that the plaintiff desiring to go from a certain designated station to another station on the defendant's road, purchased a ticket at the first mentioned station by which the defendant contracted to safely transport and carry the plaintiff to his destination, then avers that after boarding the train and delivering the ticket, so purchased by him, to the conductor, the conductor, before reaching the place of the plaintiff's destination, wrongfully, unlawfully and rudely ejected the plaintiff from the defendant's train, in violation of the defendant's undertaking, and by reason of such wrongful ejection the plaintiff sustained the injuries complained of, states a cause of action in tort, arising from the breach of duty growing out of the contract to carry the plaintiff as a passenger.

2. *Same; same.*—In such a case, a count of the complaint which counts on the negligence of the defendant's ticket agent in selling a ticket to a place other than the plaintiff's destination, as he was requested to do, in connection with the defendant's duty to carry the plaintiff to such point of destination, and also counts upon a breach of the defendant's duty to carry the plaintiff and his ejection by the conductor, is subject to demurrer for containing two causes of action.

3. *Same; sufficiency of pleas.*—In such an action, pleas which aver that the plaintiff was guilty of negligence which proximately contributed to the injury complained of, in that he boarded the defendant's said train, having in his possession a ticket which entitled him to ride only to the place where he was ejected, but attempted to ride beyond the place of ejection to the place of destination, do not show contrbutory negligence, which was the proximate cause of the injury, and are subject to demurrer.

4. *Action against railroad to recover for wrongful ejection of passenger; admissibility of evidence.*—In action against a railroad company by a passenger, to recover damages for his

[Southern Railway Co. v. Bunnell.]

wrongful ejection from the defendant's train, there was evidence introduced showing that the ticket which was given the defendant's conductor by the plaintiff was not to his place of destination, but was for his passage to the place where he was ejected from the train, which was between his place of destination and the station where the ticket was purchased, it is not competent for the plaintiff to testify that he tried to get the conductor to lend him the money to buy a ticket, in order to go on the train from the place where he was ejected to his place of destination.

5. *Same; same.*—In such a case, it is not competent to ask the plaintiff on his cross-examination, if he had been shown a letter written by a man, who was on the train at the time he was ejected, to some other person; it not being made to appear what the letter contained, or that it was in any way relevant to any issue involved.

6. *Same; same.*—In such a case, after a witness testified that the plaintiff came to his house on the night after his ejection from the train, and that his shoulder was swollen and bruised and he seemed to suffer throughout the night, it is not competent for the plaintiff to prove by him what remedies, if any, were used to relieve the plaintiff's suffering; it not being shown that the plaintiff paid anything for the remedies.

7. *Same; same.*—In such a case, the fact as to whether or not the conductor who ejected the plaintiff made any effort to have the ticket which was given him by the plaintiff, returned to him, is immaterial and irrelevant to any issue involved; and this is especially true where the ticket itself was introduced in evidence.

8. *Same; same.*—In such a case, where the ticket agent who sold the plaintiff the ticket testified to the transaction, and his evidence tended to show that at the time of selling the ticket there were two tickets called for to the same place of destination, and that he made a mistake in issuing only one of them to that point, the other one being issued to a point on defendant's road where the plaintiff was ejected from the train, it is not competent for the plaintiff to ask such witness, on cross-examination, as to whether or not he ever before made such a mistake.

9. *Same; same.*—In such a case, it is competent for the plaintiff to ask the ticket agent who sold the plaintiff the ticket, as to whether or not the defendant had ever called on him to give security or indemnity for the pending case.

10. *General affirmative charge; when should be refused.*—Where

there is a conflict in the evidence as to any material issue in a case, the general affirmative charge requested by the plaintiff should not be given.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. ED. B. ALMON.

This action was brought by the appellee, Joseph H. Bunnell, against the Southern Railway Company. The complaint as amended contained two counts. In the first count of the complaint the plaintiff alleged in detail and at great length that the defendant was a common carrier of passengers for hire; that plaintiff expected to go from Huntsville to Tuscumbia, two stations on the defendant's road, and bought and procured from defendant's agent at Huntsville a ticket entitling him to ride on said train from Huntsville to Tuscumbia, and by which ticket the defendant cantracted to carry him to Tuscumbia; that he boarded said train and delivered said ticket to the conductor; that after reaching Decatur, a station on the defendant's road between Huntsville and Tuscumbia, the conductor refused to carry the plaintiff any further on the ticket which the plaintiff had delivered to the conductor and "against plaintiff's protest and objection, and disregarding defendant's duty and undertaking to convey the plaintiff to the end of the journey for which he had purchased his said ticket from the defendant, the conductor and employees of the defendant on and in charge of its said passenger train, unlawfully, wrongfully and in violation of the defendant's undertaking as aforesaid, in a rude and forceful manner, removed and ejected the plaintiff from said passenger train while the said train was in rapid motion and in the night time, and he was violently thrown down and bruised and injured," etc.; and it was then averred that "the aforesaid acts of the defendant were wrongful and unlawful and in violation of a duty which the defendant undertook for hire to perform to and for the plaintiff, to his damage," etc. The averments of the second count of the complaint are sufficiently set forth in the opinion.

To the first count of the complaint the defendant demurred upon the following grounds: "1. Said complaint joins in the same count an action for breach of

contract with an action in tort. 2. It does not appear therefrom with sufficient distinctness and certainty whether plaintiff sues to recover for a breach of the contract of carriage or for a tort."

To the second count of the complaint the defendant demurred upon the grounds: "1. There is a misjoinder of causes of action therein as follows: An action in case for the wrongful and negligent conduct of the ticket agent, and an action of trespass for the ejection by the conductor. 2. Said count joins two separate and distinct causes of action, namely, an action for the negligence of the Huntsville ticket agent, with an action for the forcible and rude ejection of plaintiff by the conductor." These demurrers to each of the counts of the complaint were overruled. The defendant pleaded the general issue and the following special pleas: "2d. Plaintiff by his own negligence proximately contributed to the injury complained of in this: he boarded said train at Huntsville having in his possession a which entitled him to ride only to Decatur, and attempted to ride thereon beyond Decatur."

"3d. Plaintiff by his own negligence proximately contributed to the injury and damage complained of, in this: he boarded said train and attempted to ride thereon, having a ticket which only entitled him to ride to Decatur and not beyond, and he failed to examine said ticket before getting on said train to see that it entitled him to ride to Tuscumbia.

"4th. Plaintiff by his own negligence proximately contributed to the injury and damage complained of, in this: When he got on said train he was provided with a ticket which only entitled him to ride to Decatur, and said ticket was the only ticket he presented to said conductor. He was notified and informed before reaching Decatur, that said ticket did not entitle him to ride to Tuscumbia, or beyond Decatur, and was given an opportunity by the conductor to buy a ticket from Decatur to Tuscumbia or pay his fare from Decatur to Tuscumbia. But he negligently failed to secure such ticket or pay his fare from Decatur to Tuscumbia, and thus proximately contributed to cause the injury and damage complained of." To the 2d, 3d and 4th pleas the plain-

tiff separtely demurred upon the following grounds: "It fails to deny the plaintiff's duty or show that the plaintiff did not apply for pay for and obtain from the defendant's ticket agent at Huntsville a ticket to Tuscumbia, Alabama, for that the giving him any different ticket for that applied and paid for by him was not the wrong or negligence of the defendant's agent or servant."

To the 4th plea the plaintiff demurred upon the following additional ground: "That said fourth plea is insufficient in this that it was not the duty of the plaintiff after applying and paying for a ticket from Huntsville to Tuscumbuia to and from the defendant's ticket agent at Huntsville to secure another ticket from Decatur to Tuscumbia, or to pay additional fare from Decatur to Tuscumbia."

To the 2d, 3d and 4th pleas the plaintiff also demurred upon the ground that the matter set forth in said pleas, if any defense to this suit, are embraced in the plea of the general issue of the defendant. The demurrers to the 2d, 3d and 4th pleas were sustained.

The case was tried upon issue joined on the plea of the general issue. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The court, at the request of the plaintiff, gave to the jury the following written charges, and to the giving of each of these charges the defendant duly and separately excepted: (1.) "The law is that railroad corporations are liable for acts of wantonness, rudeness or force, done or caused to be done in and about the business or duties assigned to them by the corporation; and the rule for vindictive or punitive damages against such corporation for abuse by their employees of the duties and powers confided to them is the same as that which applies to natural persons who are guilty of similar misconduct." (2.) "If the jury believe from the evidence that the plaintiff paid for and received a ticket from Huntsville to Tuscumbia; that he boarded defendant's train at Huntsville for Tuscumbia and gave the conductor said ticket; that when the train arrived at De-

catur and when it was pulling out from said station the
conductor of said train wantonly and recklessly of the
rights of plaintiff pushed plaintiff from the train when
it was in motion and caused him to fall and bruise and
injure his shoulder, then I charge you that the plain-
tiff is entitled to such actual damages as the evidence
satisfies you that he has sustained, and you may award
such further exemplary damages as in your discretion
and judgment, under the evidence and charge of the
court, you think just and proper, not exceeding one
thousand dollars, the amount claimed in the first
count." (3.) "If the jury believe from the evidence
that the plaintiff in this suit purchased and obtained,
at the time shown by the evidence, from the ticket agent
of the Southern Railway Company at Huntsville, a
ticket on defendant's road from Huntsville to Tuscum-
bia for defendant's passenger train soon to arrive at
Huntsville, and when he had gotten on said train and
after it had left Huntsville delivered to the conductor
of said train, when he demanded the same, his ticket to
Tuscumbia, and that when said train reached Decatur,
a station on defendant's road between Huntsville and
Tuscumbia, the conductor of said train refused to carry
the plaintiff further on his said ticket, and compelled
the plaintiff to get off of said train, while it was in mo-
tion, because plaintiff would not buy another ticket or
pay the fare demanded by said conductor from Decatur
to Tuscumbia, and in so getting off said train the plain-
tiff, without fault or negligence on his part fell and
was bruised and injured, then the plaintiff is entitled
to recover as compensation for any loss in money sus-
tained by him, as shown by the evidence, and for the in-
dignity and humiliation to which he was subjected by
being expelled from the train, for the inconvenience
thereby occasioned to him and for any physical injury
or hurt produced thereby, and for the pain and suffer-
ing and mental anguish which were caused by such acts
and injuries, in such sum as the jury may consider, un-
der all the evidence in the case, to be a reasonable com-
pensation for such wrongs and injuries, not exceeding
one thousand dollars, the amount sued for in the first

count of the complaint."

The 4th charge was the general affirmative charge in favor of the plaintiff, and the statement of the court at the time of the giving of this charge is copied in the opinion.

There were many charges requested by the defendant but it does not appear from the bill of exceptions that said charges were refused.

There were verdict and judgment for the plaintiff, assessing his damages at $999. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

HUMES, SHEFFEY & SPEAKE, for appellant.—The first count of the complaint was demurrable in joining an action of tort with an action for breach of contract, or in not showing with sufficient certainty whether a tort or breach of contract was relied on.—*Dusenberry's Case*, 94 Ala. 413.

The second count improperly joined two separate causes of action—one in trespass for a wrongful, rude and forcible ejection, or assault, and the other in case for a merely negligent omission of the ticket agent.—*McGhee v. Reynolds*, 117 Ala. 413. Two separate and distinct causes of action can not properly be joined in one count.—*Dusenberry Case*, 94 Ala. 413.

The court erred in giving the general affirmative charge at the request of the plaintiff.—*McGhee v. Cashin*, 30 S. R. 367, 130 Ala. 561. Where a plaintiff avers his injury to be due to two or more causes conjointly, or operating together, he must prove both before he can recover.—*Armstrong v. Montgomery St. R. Co.*, 123 Ala. 233; *L. & N. R. R. Co. v. Johnson*, 79 Ala. 436; *H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 413.

THOS. R. ROULHAC, *contra.*—The first count of the complaint stated a cause of action and was not subject to demurrer.

A passenger's ticket for his carriage is both a contract, for some purposes, and, for others, an instrument in the nature of a receipt for the passenger's fare. When it may be the one or the other, it is evidence of the re-

ceipt of the fare and the contract and duty of the carrier.—5 Ency. Law, (2d. ed.), 639; 11 Ency. Law, (2d ed.), 535; *Isley v. Brown,* 109 N. C. 555; *N. Y. etc. R. R. Co. v. Winter,* 143 U. S. 60.; *McGhee v. Reynolds,* 117 Ala. 418.

A failure to carry a passenger to his destination renders the carrier liable for resulting injury, if it is caused by the negligence or wrong of the carrier, or its agents or servants. This is so well established that there should be no need for discussion.—*A. G. S. R. R. Co. v. Huddleston,* 82 Ala. 218; *S. & N. R. R. Co. v. Huffman,* 76 Ala. 492; *L. & N. R. R. Co. v. Whitman,* 79 Ala. 328; *M. & E. R. R. Co. v. Mallette,* 92 Ala. 209; 5 Ency. Law, (2d ed.), 697, 8. 9, n. Inconvenience; *Ib.* 700, notes, 1 & 2, p. 702, n. Injury; *Ib.* 703, n. 1 & 2, p. 704, n. 1, 706, 708, Ejection.

HARALSON, J.—1. The cause of action as stated in the first count, does not arise from a breach of promise, but from a breach of duty growing out of a contract. The averments as to contracts arising out of the ticket, the plaintiff is alleged to have bought, were made as mere matters of inducement, from which an action in case arose for a breach of duty to carry the plaintiff as a passenger. This was the *gravamen* of the action.—*Moseley v. Wilkerson,* 18 Ala. 288; *Whilden v. Bank,* 64 Ala. 27; *M. L. Ins. Co. v. Randall,* 74 Ala. 170; *White v. Levy,* 91 Ala. 175; *McGhee v. Reynolds,* 117 Ala. 413. It was necessary to aver a contract, either express or implied, to constitute the relation of passenger and carrier, since a tort by the carrier cannot be committed upon a passenger as such, unless such relation is shown to exist.—5 Am. & Eng. Ency. Law, (2d ed.), 486; Hutchinson on Carriers, § 554; *W. U. T. Co. v. Krichbaum,* 132 Ala. 535.

2. The second count seems to count not on the failure of defendant's agent at Huntsville to sell plaintiff a ticket to Tuscumbia, but on his giving him one to Decatur instead, although plaintiff had applied and paid for a ticket, as averred, to Tuscumbia; and yet, it seems to count also on his alleged unlawful and improper ejec-

tion from the train by the conductor after it left Decatur on its way to Tuscumbia. The averments of the count in respect to these matters are, "That plaintiff applied and paid for a ticket [to the agent at Hunsville] to furnish him a ticket from said Huntsville to said Tuscumbia, but said ticket agent of defendant wrongfully and negligently failed to do so, and gave and furnished the plaintiff with a ticket only to Decatur, a station on the line of defendant's said railroad between said cities of Huntsville and Tuscumbia." It then proceeds to set out, that after the train had passed Decatur, the conductor refused to carry the plaintiff any further, "and against the plaintiff's protest, remonstrance and objection, and disregarding and in violation of the defendant's duty to convey the plaintiff to the end of his journey at Tuscumbia as aforesaid—for which he had applied and paid for [a ticket] to defendant's said agent at Huntsville—the conductor and employees of the defendant on and in charge of said passenger train, unlawfully, wrongfully, and in violation of defendant's duty to safely carry the plaintiff to the end of his journey at Tuscumbia, in a rude and forcible manner, removed and ejected the plaintiff from said passenger train and [he] was violently thrown down, and bruised and injured; and that by reason of the failure and negligence of the defendant's said ticket agent, to furnish and deliver to the plaintiff the ticket for which he had applied to and paid said ticket agent [for], and in furnishing and delivering a ticket only to Decatur and not to Tuscumbia, and by reason of the failure and refusal of defendant to convey the plaintiff safely to his said destination at Tuscumbia as aforesaid, he was seriously injured and caused great suffering, etc., * * and plaintiff avers that the aforesaid acts of the defendant were wrongful, negligent and unlawful, and in violation of the duty which the defendant undertook for him to perform to and for plaintiff," etc.

Construing this 2d count of the complaint most strongly against the plaintiff, it counts on the negligence of the ticket agent at Huntsville in connection with the defendant's alleged duty to carry plaintiff to Tuscumbia, as one cause of action; and, also, the duty

of defendant·to carry plaintiff and his ejection by the conductor, beyond Decatur, as another cause of action. Whether a recovery might be had for injuries sustained by the plaintiff in being ejected from the train, if alleged as a consequence of the negligence of the ticket agent at Huntsville, it is unnecessary to decide, in passing on this demurrer. Such injuries are not alleged in the count, as consequential of the negligence of the said ticket agent. The demurrer to the count ought to have been sustained, for that, it contains two causes of action.

3. The demurrers to the 2d, 3d, and 4th pleas of defendant were properly sustained. The facts therein set up do not show contributory negligence, which was the proximate cause of the injury. They could only be the remote cause thereof.—4 Rapalje & Mack's Dig. 212, § 81. But the demurrers did not go to their defects in this respect. The last ground· of demurrer was, that the matters set out in said pleas, if any defense, are embraced in the plea of the general issue. It is true, that under this plea, all the facts set up in the other pleas were gone into, and the defendant suffered no injury·in the sustaining of his demurrers to said pleas. At most, it would be error without injury.

4. The plaintiff was allowed to testify against the objection of defendant, that he tried to get the conductor to lend him the money to buy a ticket to go on, from Decatur to Tuscumbia. He was allowed to answer he had only a few cents, when he left Decatur. This evidence, in each instance, was improperly admitted, as not shedding any light on the issues to be tried.

5. It was shown, that a man by the name of Bynum was on the train at the time plaintiff was ejected. Defendant's counsel was allowed to ask him on his examination as a witness, if he had been shown a letter from Bynum from Corinth, Miss., addressed to Mr. J. H. Fields, of Pickwick, Tenn. On what theory this question was allowed, as being within the issues, has not been made to appear. Bynum was present and was examined as a witness by defendant. What the letter contained was not called for,—if it contained relevant evidence,—nor did it in anywise appear that the evidence

was allowed for the purpose of the contradiction of Bynum.

6. The witness, Wade, plaintiff's brother-in-law, testified that plaintiff came to his house the night of the 11th of April, 1901, on his return from Huntsville, that his shoulder was swollen and bruised, and he seemed to suffer throughout the night, but left next morning. The plaintiff was allowed, against defendant's objection, to ask him, "What remedies, if any, did you use?" and he answered, that "bathed his shoulder with linament two or three times that night." This evidence had no bearing on the case. It was not shown, that plaintiff paid anything for the remedies, and their value did not enter, therefore, into the question of damages he might be allowed to recover.

7. The conductor, Mitchell, examined for defendant, testified that the tickets he took up in going from Chattanooga to Memphis, (Decatur and Tuscumbia being between those points), he usually took back on his next trip from the latter point, to Chattanooga, and sent them from there to Washington. He was asked by plaintiff on the cross: "Did you then make any effort to obtain the return of the ticket that you sent in from that trip [from] Chattanooga to Memphis," an objection to which by defendant, because it called for illegal and irrelevant evidence, was overruled, and defendant excepted. The witness answered, he did not. The ticket was in evidence introduced by defendant. It does not appear that it was the conductor's duty to the plaintiff or any one else, to get the ticket from Washington, after he had forwarded it to that point. His failure to make effort for its return, was of no importance, as being within any issue in the case.

8. Young, the ticket agent at Huntsville, who sold plaintiff the ticket, testified to the transaction, and his evidence tended to show that two tickets were called for to Tuscumbia, the night plaintiff purchased his, and that he made a mistake in issuing only one to that point. The evidence elsewhere tended to show, that plaintiff and one Tompkins called for tickets on the occasion from Huntsville to Tuscumbia. The plaintiff asked him on the cross, "Did you ever make that mistake before?"

and he was allowed to answer, against defendant's objection, that it was illegal and irrelevant, that he had, but he generally got them, before the person got out of the way. We are unable to see what this evidence had to do with the case. The plaintiff's damages could not be increased or in anywise affected, by any similar mistakes the agent may have theretofore made, even if numerous.

This witness was further asked by plaintiff, against defendant's objection: "Has your employer, the Southern Railway Company, ever called on you to give security or indemnity for this case?" He was allowed to answer, and replied, that it had not. The question was proper, since if he had given such indemnity or security, it was calculated to bias him as a witness in defendant's favor, and would have been proper for consideration by the jury, going to his credibility. Moreover, the answer was favorable to defendant.

9. The court, at the request of plaintiff charged the jury, that "If they believed the evidence, they would find for the plaintiff." The court added, that the charge "was given them in connection with the charge of the court in chief, with reference to the measure of damages under each count of the complaint." The charge in chief does not appear in the transcript.

The evidence of the plaintiff, as to what occurred on the train before plaintiff's ejection, and at that time, was in direct conflict, on both questions,—as to whether there was any liability or not,—on the part of defendant for damages to plaintiff, and, if so, as to the extent of the damages. The giving of the charge, under this state of proof, was manifestly erroneous.

There was no error in the other charges given for plaintiff. As to those requested by defendant, it does not appear that they were refused.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.