[Malcolm v. L. & N. R. R. Co.]

# Malcolm *v.* L. & N. R. R. Co.

### *Damages for Failure to Take on Passengers.*

(Decided June 4, 1908.   46 South. 768.)

1. *Carriers; Passengers; Action for Injury.*—A passenger injured through the negligence of a carrier may either sue upon the contract making the negligent act a breach of the contract, or sue in tort, basing his right of recovery on the negligence of the carrier; and if he sues in tort, in order to establish his right of recovery for negligence, he must show that he stands in the relation of a passenger.

2. *Negligence; Proximate Cause.*—The legal relation of cause and effect must be established between the negligence alleged and the injuries suffered to sustain an action.

3. *Carriers; Passengers; Failure to Stop Train to Take on Passengers; Damages.*—Where, at the time a person purchased a railroad ticket, the agent informed him that a certain train would stop at that point and take him to his destination, but afterwards the train passed without stopping, and the agent informed him that no other train would pass until the afternoon, and the person purchasing the ticket walked to his destination, such person was in the same position after the train had passed as he was before he purchased the ticket, and the injuries resulting to him from his walk were not a natural sequence of the failure of the carrier to stop the train, so that such person could not recover damages for the injuries resulting from his walk.

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by M. A. Malcolm against the Louisville & Nashville Railroad Company for a negligent failure to stop a train and take him as a passenger to the destination for which his ticket called. There was judgment for plaintiff in the sum of 34 cents, the price paid for the ticket, and he appeals. Affirmed.

HAMILTON & CRUMPTON, for appellant. The complaint stated an action ex delicto.—*Southern Ry. Co. v. Bunnell,* 138 Ala. 254; *W. U. Tel. Co. v. Krishbaum,* 132 Ala. 535; *McGhee v. Reynolds,* 117 Ala. 413; *Mobile L. Ins. Co. v. Randall,* 74 Ala. 176; *Whiddon v. The*

22 C

*Bank,* 64 Ala 27; *Wilkerson v. Mosely,* 18 Ala. 290; 1 Chitty's Pleading, 384; 5 A. & E. Ency of Law, 482; 6 Cyc. 588. The court erred in refusing amendment No. 1. —*Turner v. Roundtree,* 30 Ala. 706; *Ins. Co. v. DeJarnetts,* 111 Ala. 248. The plaintiff was entitled to recover damages for his trouble and inconvenience.—*K. C. M. & B. R. R. Co. v. Foster,* 134 Ala. 244; *E. T. V. & G. R. R. Co. v. Lockhardt* 79 Ala. 315; *M. & B. R. R. Co. v. McArthur,* 43 Miss. 180; 12 L. R. A. 113; Cyc. 589; Hutchinson on Carriers, 1717.

GEORGE W. JONES, and RABB & PAGE, for appellee. The action was on the contract and the court properly instructed as to the measure of damages.—3 Hutchinson on Carriers, 1609; *Candee v. Telegraph Co.* 34 Wis. 479; *Rhodes v. Beard,* 160 Ohio St. 581; *Bridges v. Stickney,* 38 Me. 361; *K. C. M. & B. R. R. Co. v. Foster,* 134 Ala. 256; *Western Ry. v. Mutch,* 11 South. 894; *L. & N. R. R. Co. v. Quick,* 125 Ala. 553; 16 A. & E. Ency of Law, 436. The court did not err in refusing to permit the filing of the amendments.—*Gains v. Virginia Co.,* 124 Ala. 394.

DENSON, J.—The facts of this case in brief are these: The plaintiff, an old man, on January 7, 1907, went to the station of the defendant, at Castleberry, a regular station of the railroad company, for the purpose of becoming a passenger on one of defendant's trains from Castleberry to Evergreen, another regular station on defendant's road; the two being 12 miles apart. There was a regular passenger train, operated by the defendant over its road, which was due at Castleberry at 5:00 a. m., and which usually stopped at that station to take passengers. The defendant had a station agent at Castleberry, whose duty it was to sell tickets to

persons applying for passage over defendant's road. Before the hour of 5:00 a. m. plaintiff applied to this agent for a ticket from Castleberry to Evergreen. The agent sold him the ticket for 33 cents, the regular price, and informed plaintiff that the train would stop at Castleberry. Two of defendant's passenger trains passed Castleberry that morning, going to Evergreen, after plaintiff purchased his ticket and while he was waiting at the station to take passage; but neither of them stopped. He was then informed by the station agent that no other train would pass Castleberry, going to Ever-. green, until 3 o'clock in the afternoon of that day. Plaintiff having an important engagement at Evergreen, did not wait for the afternoon train, but walked to Evergreen, for the purpose of keeping his engagement. In consequence of the walk the plaintiff suffered much pain, inconvenience, and humiliation. The nature of the engagement the plaintiff had is not disclosed by the record, nor is the character of the inconvenience or humiliation shown, except that which may be inferred from the fact that the plaintiff walked to Evergreen. There was a verdict for the plaintiff for 34 cents, and judgment on the verdict; and by this appeal he seeks to obtain a reversal of same.

In the view we take of the case, it is unnecessary to determine the contraversy between the litigants in respect to the nature of the action—whether the complaint is in assumpsit or in tort. All the cases hold that a passenger, injured through the negligence or carelessness of the carrier, may proceed either upon the contract, alleging the careless or negligent acts of the defendant as a breach of the contract, or proceed in tort, making the carelessness and negligence of the company the ground of his right of recovery; and, if he proceed for the tort, it becomes necessary on the

part of the plaintiff to show that he stands in the relation of a passenger of the carrier, in order to establish his right to recover damages for the negligence of the carrier in not discharging its duty in carrying him. Assuming, then (without deciding), that the contention of the plaintiff that the complaint states a cause of action in case is the proper construction of the complaint, we have presented for consideration the question: Are pain, inconvenience, and humiliation, elements of recoverable damages in this cause? The circuit court held that they were not the basis of recoverable damages; this ruling having been invoked on a. motion to strike such claim from the complaint.

Taking the complaint as in case, the ground upon which plaintiff bases his right of recovery is the negligent failure of the defendant to stop its train at Castleberry and receive the plaintiff as a passenger to be transported to Evergreen. It is elementary that there must be established the legal relation of cause and effect between the particular negligence and wrong described—the walk and injuries incident thereto. In *Western Railway Co. v. Mutch,* 97 Ala. 194, 196, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179, this extract from 16 Am. & Eng. Ency. Law (1st Ed.) p. 431, was quoted approvingly: "To constitute actionable negligence, there must be not only causal connection between the negligence complained of and the injury suffered; but the connection must be by a natural and unbroken sequence—without intervening efficient causes—so that but for the negligence of the defendant the injury would not have occurred. It must not only be a cause, but it must be the proximate cause; that is, the direct and immediate efficient cause of the injury."—*Alabama Great Southern R. R. Co. v. Arnold,* 80 Ala. 600, 605, 2 South. 337. No difficulty arises in

[Malcolm v. L. & N. R. R. Co.]

the application of this principle when the damage direct-
ly follows the wrong. It ordinarily arises when there is
an intervening cause, or several causes contributing to
the result. "If the injury is produced by the wrongful
act during the continuance of its causation, it will
be regarded as the proximate cause, but as too remote,
through furnishing the occasion, when the injury occurr-
ed after the act is completed and terminated, by the in-
tervention of another and independent cause. On the in-
tervention of other agencies, the inquiry should be: Is
the original wrongful act an antecedent, efficient, and
dominant cause, which puts the other causes in opera-
tion?"—*A. G. R. R. Co. v. Arnold, supra.*

The question, then, is: Did the act of the defendant
in failing to stop its train produce the injuries com-
plained of? Did the injuries result directly from such
act? We have a class of cases where the carrier has
been held liable to the passenger for injuries to health,
etc., incident to walking back to a station after having
been carried beyond it, or the point of destination (*A.
G. S. R. R. Co. v. Sellers*, 93 Ala. 9, 9 South. 875, 30 Am.
St. Rep. 17; *L. & N. R. R. Co. v. Dancy*, 97 Ala. 338, 11
South. 796) ; but the theory worked out in those cases
is that the carrier, by its wrongful act, placed the plain-
tiffs in a position where it was necessary for them to
act, to avoid the consequences of the wrongful act of the
carrier, and, acting with ordinary prudence and care,
to the end of extricating themselves from the difficulty
in which they had been placed, they sustained the in-
jury. The injury was, therefore, traceable directly to
the carrier's negligence as its cause, and as its proximate
cause. Passengers wrongfully put short of, or beyond,
the destination stipulated for, would be most likely to
walk to the point to which they desired to go, if no other
convenient way was presented or was open to them;

and it is not straining any legal principle to hold that injuries received in consequence of the walk are recoverable damages.

But we find no trouble in distinguishing the case in judgment from that class of cases. Here it is made to appear that the carrier had nothing to do with placing the plaintiff in the position in which he found himself after the failure of the trains to stop. He was in the same position he occupied before he purchased his ticket, and we cannot perceive that injuries resulting from the walk by the plaintiff to Evergreen were a natural sequence of the failure of the agents of the carrier to stop the trains at Castleberry. As was said in *I. B. & W. Ry. Co. v. Birney,* 71 Ill. 391, a case strikingly similar to the case in hand: "That he should be delayed in reaching that point was a natural consequence, as there was no other known means by which the space could be overcome in so short a time as by a train of cars; but that the appellant should walk through the extreme cold to that point, and thus injure his health, was by no means a necessary result." As was further said in that case, had he procured a carriage and horses to make the trip, the company would no doubt have been liable for reasonable compensation for its use and for a driver, or had he waited the next train, and gone on it, he would have been entitled to nominal damages, at least, for necessary expenses incurred whilst waiting the arrival of the train, and loss, if any, by failure to meet the engagement.—*Gulf, etc. R. R. Co. v. Cleveland* (Tex. Civ. App.) 33 S. W. 687; *Francis v. Transfer Co.,* 5 Mo. App. 7; *Evans v. St. L. etc. Co.,* 11 Mo. App. 463. In the light of the foregoing principles, and applying them to the facts of this case, the court is of the opinion that plaintiff was awarded the only damages he was entitled

[Birmingham Railway Light & P. Co. v. Haggard.]

to recover in the action, and, of consequence, that there is no reversible error shown by the record.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.