85 So.2d 436

### Pearl VINES

v.

### CRESCENT TRANSIT COMPANY.

6 Div. 840.

Supreme Court of Alabama.

Nov. 3, 1955.

Rehearing Denied Feb. 2, 1956.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellant.

Bainbridge & Mims, Birmingham, and Huey, Stone & Patton, Bessemer, for appellee.

SIMPSON, Justice.

This is an appeal from a judgment of nonsuit suffered by the plaintiff. As amended, the complaint consisted of Counts A and B. The trial court sustained the demurrer to Count A and overruled the demurrer as to Count B. After overruling the demurrer to Count B the defendant plead the statute of limitations of one year, Code 1940, Tit. 7, § 26. The plaintiff de-murred to this special plea and upon the overruling of the plaintiff's demurrer, the plaintiff took a nonsuit and brings this appeal.

It appears that Count A was construed to be a suit for breach of contract and Count B in tort. We construe both counts to be a suit in contract claiming damages for the breach of an alleged implied contract for injuries resulting during the period when the plaintiff entertained the relation of passenger of the defendant transit company as a common carrier.

The two counts will more fully appear in the report of the case, but we will here state their substance. Count A alleges that the defendant (appellee) entered into an "implied contract" for a valuable consideration to safely transport the plaintiff from the City of Fairfield to a regular and customary stopping place of the defendant's bus in the City of Bessemer; that the defendant breached this contract by transporting her thirty feet beyond said customary stopping point and required and permitted her to alight at said point, which was not a reasonably safe place for disembarkation of passengers and as a proximate consequence of said breach of contract the plaintiff fell into an open culvert, obscured to appellant by darkness, causing her alleged injuries. Count B charges the defendant with the negligent breach of such implied contract.

From the rulings below and the argument of counsel, it would seem that the court concurred in the contention of the defendant that there could be no cause of action for the breach of the alleged contract by such passenger for personal injuries as alleged unless the defendant was guilty of negligence, in which case the action should be in tort. On this theory the court sustained demurrer to Count A and, considering that Count B was in tort, overruled the demurrer to Count B. As stated, the defendant then plead the statute of limitations of one year to Count B on the theory that the count was in case for the negligence of the defendant and, of consequence, overruled plaintiff's demurrer to this plea which superinduced the nonsuit.

We entertain the view that these rulings were laid in error. Both counts are of the same sort—in assumpsit. They both claim damages for the breach of an implied contract. Count B carried the additional averment that the breach was negligent and the other count, A, only alleges the breach and does not allege in terms a negligent breach.

Both counts are based upon the breach of a contract. The fact that they allege that the contract was implied does not alter their status as for the breach of a contract. The ruling of the court sustaining the demurrer to Count A was predicated on the theory that such a state of facts as therein alleged did not state a cause of action. In this we differ. If the proof sustains the allegations, the breach of such a contract is actionable in assumpsit. That breach could be either voluntary or negligent. The allegation in Count A that defendant breached the contract by doing the act alleged to be a breach, is in substance that it was voluntarily done. So we have in that count an allegation of the existence of a contract and its voluntary breach to the damage of plaintiff—a count in assumpsit.

Count B makes the same allegations as to the existence of the contract, but charges that defendant negligently breached said contract. The gravamen of that count is not a charge of negligence but the breach of the contract. The fact that it was negligently breached does not affect the nature of the cause of action. It was said in one of our leading cases that "if the cause of action as stated in our cases arises from a breach of the contract, the action is ex contractu, but if the cause of action arises from a breach of duty growing out of the contract it is in form ex delicto and case." Mobile Life Ins. Co. v. Randall, 74 Ala. 170; Tennessee C. I. & R. Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459; Waters v. American Cas. Co., 261 Ala. 252, 73 So.2d 524; Sellers v. Noah, 209 Ala. 103, 95 So. 167; Western Union Tel. Co. v. Crumpton, 138 Ala. 632, 36 So. 517. It is also said in the Randall case, supra:

"When there is a contract, either express or implied, from which a common law duty results, an action on the case lies for the breach of that duty: in which case, the contract is laid as mere inducement, and the tort arising from the breach of duty as the gravamen of the action. Thus if a lawyer or physician is engaged by special contract to render professional service, and, in the *performance of such service* he is guilty of gross ignorance or negligence an action on the case will lie against him notwithstanding such special contract." (Emph. sup.)

We said in the Sizemore case, supra:

"* * * the breach of a contract in *not performing* the obligation there expressed, or not doing it in the way specified, is not in tort * * *. If defendant omits to enter upon the duty to perform, however negligent that might be, that is not a negligent performance and not a tort. But if he does undertake to perform, *his performance may be negligent,* giving rise to a tort." (Emph. sup.) 258 Ala. 349, 62 So.2d 463.

"* * * But even when the complaint shows that the breach of the contract was also a negligent failure to perform a duty which the law imposes by reason of such contract, the injured employee may sue either for the breach of the contract when he is a party to it, or it is made for his direct benefit, or may sue in tort for the breach of the duty imposed by law." 258 Ala. 350, 62 So.2d 464.

In the Waters case, supra, we said:

"When the contract does not in terms require reasonable care *in doing the act* stipulated to be done, the law imposes a duty—but does not imply a contract—to exercise due care *in doing the act;* and, therefore, when negligence exists in doing that act an action in tort only is available because there is no express or implied contract which

is breached." (Emph. sup.) 261 Ala. 258, 73 So.2d 529.

In the case of Malcolm v. Louisville & N. R. R. Co., 155 Ala. 337, 46 So. 768, 18 L.R.A.,N.S., 489, defendant negligently failed to stop a train for her to be carried pursuant to their contract, thereby causing personal injury to her. The court stated that "All the cases hold that a passenger, injured through the negligence or carelessness of the carrier, may proceed either upon the contract, * * * or proceed in tort, making the carelessness and negligence of the company the ground of his right of recovery". 155 Ala. 339, 46 So. 768—13 C.J.S., Carriers, § 663, p. 1235; 1 C.J.S., Actions, § 49(e–5), p. 1119.

■ Corpus Juris Secundum also carries the well supported text that:

"A mere breach of a contract, however, which does not involve a breach of public duty on the part of the company as a common carrier cannot be made the basis of an action in tort; * * *." 1 C.J.S., Actions, § 49, p. 1120.

■ It will be observed that a negligent *failure* to perform a contract express or implied (as alleged in count B) is but a breach of the contract. But if in performing it, it is alleged that defendant negligently caused personal injury or property damage to plaintiff, the remedy is in tort, for it is not the breach of a contract express or implied, but the breach of an implied duty to exercise due care not to injure plaintiff or her property which is the gravamen of the action. When plaintiff purchased transportation to a certain place under a contract to carry her to a regular stopping place, there was an implied promise not to carry plaintiff beyond the customary place of discharge (a breach, being actionable in assumpsit), also an implied duty not to negligently cause her to be injured in *performing the contract* (a breach of which is actionable ex delicto).

The implied duty, not an implied promise to exercise due care not to injure her, must be redressed in a tort action. The breach of a public duty not to negligently injure plaintiff may also be a breach of the contract to stop for her discharge at the customary place. A breach of the contract is in the failure to act, (here, alleged failure to stop at the customary place); but in acting there may also be a breach of the public duty not to negligently stop at a dangerous place and thereby cause plaintiff personal injury, for which an action in case will lie.

■ Here the only charge against defendant is for the breach of an implied contract, which nonetheless counts on a contract because it was negligently breached. Neither count claims damages for injuries caused by the breach of a duty imposed by law, viz.: The negligence of defendant in putting her off at a dangerous place, but on the contrary, the breach of a contract of carriage.

It follows, as we stated above, and on original deliverance, both counts are in assumpsit. Count A is not subject to the demurrer interposed. The plea of the statute of limitations of one year is not applicable, and the demurrer to it should have been sustained.

Opinion modified on rehearing and application overruled. For the errors noted the judgment is reversed.

Reversed and remanded.

All Justices concur except LAWSON and MERRILL, JJ., who dissent.

## On Rehearing

LAWSON, Justice (dissenting).

The foregoing opinion prepared in response to an application for rehearing was brought to the full court, although the writer and Justices STAKELY and MERRILL did not participate in the consideration of the opinion delivered on original submission.

I find myself unable to agree with the foregoing opinion in so far as it holds that

Count B is in contract, although I readily concede that the question as to whether the count is in contract or in tort is a close one.

In Wilkinson v. Moseley, 18 Ala. 288, quoted in Mobile Life Ins. Co. v. Randall, 74 Ala. 170, Mr. Justice Parsons, writing for the court, said:

"Perhaps the best criterion is this: if the cause of action, as stated in the declaration, arises from a breach of promise, the action is ex contractu; but if the cause of action arises from a breach of duty growing out of the contract, it is in form ex delicto, and case."

It was necessary to aver the contract in Count B, since a tort by the carrier cannot be committed upon the passenger as such unless the carrier-passenger relationship is created by contract, express or implied. Southern Ry. Co. v. Bunnell, 138 Ala. 247, 36 So. 380.

There is no averment in Count B of an express contract. In fact, it is alleged therein that the defendant "impliedly contracted with the plaintiff." The courts have been inclined to consider complaints of this character (against common carriers) as founded in tort unless a special contract very clearly appears to be made the gravamen or object of the complaint. New Orleans, Jackson & Great Northern R. Co. v. Hurst, 36 Miss. 660; Jacksonville St. Ry. Co. v. Chappell, 22 Fla. 616, 1 So. 10; Ft. Smith & W. R. Co. v. Ford, 34 Okl. 575, 126 P. 745, 41 L.R.A.,N.S., 745.

Construing the averments of Count B as a whole, I am of the opinion that the wrong or injury complained of was that the plaintiff, after acquiring by implied contract the right to travel on defendant's bus to a certain point and there to be afforded a reasonable opporunity to alight in safety, was negligently carried beyond that point by the defendant and "negligently required or negligently permitted to disembark at an unsafe place in violation of defendant's public duty."

In other words, I am of the opinion that the cause of action stated in Count B does not arise out of a breach of promise but from a breach of duty growing out of the contract and that the averments as to the implied contract should be considered as mere matters of inducement in which an action in case arises for a breach of duty to carry the plaintiff as a passenger. Southern Ry. Co. v. Bunnell, supra; Western Union Tel. Co. v. Krichbaum, 133 Ala. 535, 31 So. 607; Western Union Tel. Co. v. Waters, 139 Ala. 652, 36 So. 773; Western Union Tel. Co. v. Favish, 196 Ala. 4, 71 So. 183.

MERRILL, J., concurs in the foregoing views.