Donald K. MARSH, Appellant,

v.

SOUTHERN AIRWAYS, INC., et al., Appellees.

No. 20006.

United States Court of Appeals Fifth Circuit.

April 19, 1963.

Rehearing Denied May 22, 1963.

Francis H. Hare, Francis H. Hare, Jr., Birmingham, Ala., Henry G. Bodkin, Jr., Los Angeles, Cal., Hare, Wynn, Newell & Newton, Birmingham, Ala., of counsel, for appellant.

E. L. All, John H. Morrow, Birmingham, Ala., White, Bradley, Arant, All & Rose, Birmingham, Ala., of counsel, for appellees.

Before JONES and BELL, Circuit Judges, and GROOMS, District Judge.

JONES, Circuit Judge.

■ The appellant, Donald K. Marsh, brought an action in the District Court for the Northern District of Alabama against Southern Airways, Inc. The basis for federal jurisdiction is diversity of citizenship. The appellant's complaint, after three amendments, alleged that he had purchased a ticket from Southern Airways for transportation from Atlanta, Georgia, to Huntsville, Alabama, and that because of its failure to take "the usual and necessary safety precautions" the airplane upon which he was riding as a passenger landed with great and sudden violence resulting in injuries to the appellant. The date of the injury was stated as March 6, 1961. The complaint was filed March 7, 1962. The Alabama statute of limitations requires tort actions for personal injuries to be brought within one year. Title 7, § 26, Code of Alabama 1958. The period of bringing an action upon a simple contract is six years. Title 7, § 21. Code of Alabama 1958. The appellant's action, as shown by his pleadings, was upon the theory that Southern Airways had entered into an implied contract with him to transport and carry him safely from Atlanta to Huntsville, that this implied contractual obligation was breached, and that a cause of action arose upon the implied contract which is subject to the six-year limitation period.

■ The decision of the Alabama Supreme Court in Vines v. Crescent Transit Company, 264 Ala. 114, 85 So.2d 436, is cited by both the appellant and the appellee. Crescent Transit Company operated a bus line for the transportation of passengers between various places including Fairfield and Bessemer, in Alabama. The plaintiff, Vines, in her complaint against Crescent Transit, asserted that it had entered into an implied contract to transport her safely from Fairfield to a customary stopping place in Bessemer; that it breached the contract by carrying her thirty feet beyond the customary stopping point; that the place to which she was carried was not a safe place for her to alight; that on leaving the bus she fell into an open culvert which was obscured by darkness and that her fall caused injuries. In Vines, as in the case

before us, the limitation period of the tort statute of limitations had run, but the time under the contract statute of limitations had not expired. In the Vines case the court held that the one-year tort statute of limitations did not apply. The appellant here has attempted to plead himself within the language of the Vines opinion.

The statements in the Vines opinion of the reasoning upon which the decision depends also set forth the principles which distinguish it from the case before us. In the Vines opinion the Alabama Supreme Court has said:

> "It will be observed that a negligent *failure* to perform a contract express or implied * * * is but a breach of the contract. But if in performing it, it is alleged that defendant negligently caused personal injury or property damage to plaintiff, the remedy is in tort, for it is not the breach of a contract express or implied, but the breach of an implied duty to exercise due care not to injure plaintiff or her property which is the gravamen of the action. When plaintiff purchased transportation to a certain place under a contract to carry her to a regular stopping place, there was an implied promise not to carry plaintiff beyond the customary place of discharge (a breach, being actionable in assumpsit), also an implied duty not to negligently cause her to be injured in *performing the contract* (a breach of which is actionable ex delicto).

> "The implied duty, not an implied promise to exercise due care not to injure her, must be redressed in a tort action. The breach of a public duty not to negligently injure plaintiff may also be a breach of the contract to stop for her discharge at the customary place. A breach of the contract is in the failure to act, (here, alleged failure to stop at the cutomary place); but in acting there may also be a breach of the public

duty not to negligently stop at a dangerous place and thereby cause plaintiff personal injury, for which an action in case will lie." 264 Ala. 114, 119; 85 So.2d 436, 440.

Thus it is shown that under the contract to carry a passenger to a specified destination there is the implied contract not to carry the passenger beyond the specified destination, and an action on contract will lie for damages resulting from a breach of the implied promise. Such was the Vines case. So too it is shown that where, in the performance of the contract, the carrier negligently caused personal injury or property damage to a passenger, the remedy is in tort, for it is not a breach of contract, express or implied. Such is the case before us.

Another statement of the rule as it obtains in Alabama is found in Waters v. American Casualty Co., 261 Ala. 252, 73 So.2d 524, where it is said:

> "When the contract does not in terms require reasonable care in doing the act stipulated to be done, the law imposes a duty—but does not imply a contract—to exercise due care in doing the act; and, therefore, when negligence exists in doing that act an action in tort only is available because there is no express or implied contract which is breached." 261 Ala. 252, 258; 73 So.2d 524, 529.

The principle announced in the Vines and Waters cases is not a newcomer in the law of Alabama. It is stated in Wilkinson v. Moseley, 18 Ala. 288 in the following language:

> "Perhaps the best criterion is this: if the cause of action, as stated in the declaration, arises from a breach of promise, the action is *ex contractu;* but if the cause of action arises from a breach of duty, growing out of the contract, it is in form, *ex delicto,* and *case.*"

The foregoing is quoted and applied in Mobile Life Insurance Co. v. Randall, 74 Ala. 170.

The district court was correct in its decision that the one-year statute of limitations barred recovery. Its judgment dismissing the action is

Affirmed.