# Western Union Tel. Co. *v.* Littleton.

*Damages for Failure to Properly Transmit Message.*

(Decided June 16, 1910. 53 South. 97.)

1. *Action; Form; Contract or Tort.*—In a declaration against a telegraph company for failure to properly transmit a message, a count which alleges that defendant broke said contract in this (in failing to transmit a certain message, etc., with an explanation of how plaintiff was damaged), and concluding by stating that it was on account of defendant's negligence and carelessness, (which had been previously expressed as the manner in which the contract was broken) the count was ex contractu and not ex delicto.

2. *Same.*—Assuming that a distinct plea of not guilty to a particular count fixed its character as ex delicto, it cannot be said that there was any distinct plea of not guilty where the pleas to the declaration are general denying all material allegation and pleading not guilty.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Action by L. D. Littleton against the Western Union Telegraph Company for failure to properly transmit messages. From a judgment for plaintiff, defendant appeals. Affirmed.

The second count is as follows: "Plaintiff claims of defendant, a corporation, the sum of $1,000 damages, for that on, to wit, the 22d day of August, 1908, the plaintiff, through his agent, G. Webb, at Ensley, Ala., delivered to defendant for transmission and delivery at the said Ensley, Ala., to plaintiff, at Gwin, Ala., a message in words and figures substantially as follows: 'Ensley, Ala., 8/22/1908. To L. D. Littleton, Gwin, Ala.: If satisfactory, will close deal at prime cost for entire stock fifty-five. G. Webb.' And defendant contracted and undertook for a certain sum of money, which plaintiff's agent then and there paid to defendant, to deliver said message to plaintiff at Gwin, Ala.;

and plaintiff alleges that on said date defendant was engaged in the business of transmitting telegraph messages for hire between said places, and plaintiff further alleges that defendant broke the said contract in this: That it negligently and carelessly failed to transmit and deliver said message to plaintiff at Gwin, Ala.. but that the message delivered to plaintiff at said Gwin, Ala., was in words and figures as follows, to wit: 'Ensley, Ala., 8/22/190.' L. D. Littleton, Gwin, Ala. If satisfactory will close deal at prime cost for entire stock sixty-five. G. Webb.' And plaintiff alleges that, at the time said contract was made for the transmission and delivery of said first-named message, he was the owner and in possession of a large stock of merchandise located in said Ensley, Ala., of the value of, to wit, several thousand dollars. And plaintiff further alleges that, at the time said message was accepted by defendant for transmission and delivery to plaintiff by and through his agent, said G. Webb, plaintiff had received an offer for the sale of such stock of merchandise at the sum of 55 cents on the dollar of the prime cost thereof; and plaintiff further alleges that in answer to said telegram as so delivered to him in Gwin, Ala., and relying upon such telegram as so delivered to him, he immediately wired his agent at Ensley, Ala., to close the deal to the entire stock at the price mentioned; and plaintiff alleges that his agent, in obedience to said instruction so received by him, closed the deal, and sold the said entire stock of merchandise at and for the sum of 55 cents on the dollar of the prime cost thereof; and plaintiff alleges that said stock of merchandise was · worth a great deal more than 55 cents on the prime cost thereof, for which sum same was sold, and if the said message had been correctly transmitted and delivered to him by the defendant, as it was its duty to do,

he would not have sold said stock for 55 cents; that said sale was so made at the price in ignorance of the fact that said message had not been correctly transmitted and delivered, and that plaintiff thought at the time of making said sale that he had received an offer of 65 cents on the dollar of the prime cost of said stock, and gave his agent instruction to sell in reliance on the said telegram as so delivered to him at Gwin, Ala., and plaintiff alleges that on account of said defendant's negligence and carelessness in the transmission and delivery of the same as it was its duty to do, and because of its failure to correctly transmit and deliver the same as was its duty to do, plaintiff was damaged," etc.

CAMPBELL & JOHNSTON, for appellant. The court erred in overruling demurrers to the 2nd count of the complaint. The count was in tort.—*Anniston Cordage Co. v. W. U. T. Co.*, 49 South. 770; *Frazer v. Tel. Co.*, 45 Ore. 414; *Postal Tel. Co. v. Ford*, 117 Ala. 672. The issues were joined upon the plea of not guilty, thus removing any doubt about the fact of its being an action in tort.—*Mancker v. W. U. T. Co.*, 137 Ala. 294.

A. F. FITE, and E. B. & K. V. FITE, for appellee. The 2nd count was ex-contractu.—*Mobile L. I. Co. v. Randle*, 74 Ala. 177; *Wilkinson v. Mosely*, 18 Ala. 288. Conceding that the count is in tort, it was not open to the demurrers interposed.—*W. U. T. Co. v. Jackson*, 50 South. 318.

SIMPSON, J.—The appellee sued the appellant for damages for transmitting incorrectly the message set out in count 2, which will be copied by the reporter in the statement of this case. The only assignment of error insisted on relates to the action of the court in overruling the demurrer to the second count of the com-

plaint. The demurrer was based upon the idea that said count is in tort and not on the contract.

It has been frequently remarked that it is often difficult to determine whether a count is on the contract or in tort, and it is to be regretted that counsel do not save themselves trouble by observing the distinctions and making their counts so distinctly one or the other that there can be no doubt.

In one of our early cases, which has been a leading case ever since, it was said that: "Perhaps the best criterion is this: If the cause of action, as stated in the declaration, arises from a breach of promise, the action is ex contractu; but if the cause of action arises from a breach of duty, growing out of a contract, it is, in form, ex delicto, and case. For instance, if the declaration allege the hiring of a horse to ride to a certain place, and that the defendant rode him so immoderately that he died, this would be case, for the contract of hire imposed upon him the duty to ride in reason, or not unreasonably fast; but if the declaration allege the hiring, and that he promised to ride with reasonable speed, but, not regarding his promise, he rode the horse immoderately, whereby he died, the action would be considered assumpsit."—*Wilkinson v. Moseley,* 18 Ala. 288, 290, 291.

This case has been frequently referred to and followed, but for terseness of expression and simplicity of illustration we doubt if it has ever been surpassed. See *Mobile Life Insurance Co. v. Randall,* 74 Ala. 170, 177, 178; *White v. Levy,* 91 Ala. 175, 177, 8 South. 563; *Postal Tel. Cable Co. v. Ford,* 117 Ala. 672, 23 South. 684.

The second count sets out the contract, consideration, etc., alleges that "the defendant broke said contract, in this," and then goes on to allege that it negligently failed, etc., all of which is necessarily referred back to the preceding expression that it broke the contract "in

[Western Union Tel. Co. v. Littleton.]

this." In other words,, what follows is merely telling how the company broke the contract. The count then goes on to explain how plaintiff has been damaged, and winds up by alleging that it was all on account of "defendant's said negligence and carelessness," which had previously been expressed as the manner in which the contract was broken. In other words, referring to the analogy of the horse, the count alleges that the defendant contracted to deliver that particular message, and that it did not do so, but breached said contract in the manner set out. We hold that the second count is ex contractu.

Defendant insists, on the authority of *Manker v. W. U. Tel. Co.*, 137 Ala. 294, 34 South. 839, that all doubt about said count 2, being ex delicto, is removed by the fact that the count was treated and acted on by the court and parties as a count ex delicto.

We do not so understand the record. It is admitted that the first count is ex contractu, and the pleas were general, to the entire complaint, first, denying all the material allegations of the complaint, and, second, pleading not guilty; so it cannot be said that there was any distinct plea of not guilty to this count, and we do not intimate that, if there was, it would fix the character of the count.

It cannot be said that it was so treated because demurrers were interposed to each count and overruled. The demurrers may have been overruled for the very reason that the counts were both ex contractu, and the demurrers therefore inapplicable.

There was no error in overruling the demurrers to said second count.

The judgment of the court is affirmed.

Affirmed.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.