318 So.2d 701

Annie Mae GREEN

v.

The HOSPITAL BUILDING AUTHORITY
OF the CITY OF BESSEMER,
a Public Corporation.

SC 733.

Supreme Court of Alabama.

Aug. 21, 1975.

James R. Shaw, Bessemer, for appellant.

White E. Gibson, Jr., Birmingham, for appellee.

ALMON, Justice.[*]

This is an action for personal injuries sustained by appellant, plaintiff below, while she was a non-indigent patient in appellee city hospital. According to appellant's deposition, an attendant nurse employed by the hospital had closed a door on which appellant had been supporting herself with one hand. Appellant's left ring finger was caught between the door and the door frame resulting in a hematoma and a fracture of the distal phalanx.

[*] This case was originally assigned to a justice formerly on this Court and later reassigned to the writer.

The parties stipulated that appellee was, at the time of the alleged incident, engaged in the operation of a hospital under the authority of Act No. 109, Acts of Alabama 1961, p. 134; as codified, Tit. 22, Ch. 6, Art. 5A, Code of Alabama 1940, Recompiled 1958 (1973 Supp.). Further, it was stipulated that no express promises were made by appellee (nor any of its agents or employees) regarding the reasonableness of the care appellant was to receive while a patient at the hospital.

The complaint in three separate counts alleged respectively, breach of implied contract, simple negligence and wanton misconduct on the part of appellee hospital. Count A of that complaint setting forth appellant's implied contract theory alleged in pertinent part:

" . . . Plaintiff was admitted to said hospital as a patient and on said date entered into an implied contract with defendant wherein and whereby, for valuable consideration, the defendant impliedly promised and agreed to nurse and care for the plaintiff for the duration of her confinement and to furnish to plaintiff all special facilities and nursing services and further impliedly promised and agreed to use reasonable care in the performance of said implied promise to furnish to plaintiff all special facilities and nursing service and on said 27th day of March, 1972, pursuant to said contract, the plaintiff entered the said hospital after having agreed to pay all reasonable compensation charges and defendant breached said implied promise to use reasonable care in the performance of said implied promise to furnish to plaintiff all special facilities and nursing

services, for that, on the 3rd day of April, 1972, a nurse, or a nurses' aid, or another employee of said hospital, employed by defendant and while acting within the line and scope of said employment closes [sic] a door on plaintiff's hand and as a proximate consequence of said breach of said implied contract plaintiff was injured and damaged as follows . . ."

Appellee demurred to all three counts and subsequently moved for summary judgment under ARCP 56. The trial court relying on the holding in *Smith v. Houston County Hospital Board*, 287 Ala. 705, 255 So.2d 328 (1971), granted appellee's motion for summary judgment.[1]

The question is whether the allegations set out in Count A of the complaint, along with the stipulation and deposition of appellant, made out a cause of action sufficient to resist appellee's motion for summary judgment. More specifically, whether a suit can be maintained, *ex contractu*, for breach of an implied promise to use reasonable care in furnishing all special facilities and nursing services by a hospital otherwise statutorily immunized from tort liability.[2]

The question of where the demarcation between causes of action sounding in tort and those sounding in contract falls, is by no means a novel one in this State nor amenable to any ready test. See *Western Union Telegraph Co. v. Littleton*, 169 Ala. 99, 53 So. 97 (1910). The touchstone is said to be found in *Wilkinson v. Moseley*, 18 Ala. 288 (1850):

"It is often a matter of difficulty to determine whether an action is in form

1. Although the complaint was filed on March 27, 1972, before the effective date of the ARCP, the order granting summary judgment was entered after the effective date. Implicit in the trial court's dispositional ruling, was a finding that application of the new rules worked no injustice on the litigants. ARCP Rule 86. Appellant has made no allegations to the contrary either to the trial court below or here on appeal.

2. Being a municipal hospital statutorily organized as a public corporation for the purpose of providing public hospital facilities for lease to and use by a municipality, appellee is subject to suit, "by others in any form of litigation *other than an action ex delicto.*" (Emphasis ours). Tit. 22, § 204(41h) (1973 Supp.). Appellant has made no challenge, constitutional or otherwise, upon such immunity.

*ex contractu* or *ex delicto*. Perhaps the best criterion is this; if the cause of action, as stated in the declaration [complaint], arises from a breach of promise, the action is *ex contractu*; but if the cause of action arises from a breach of duty, growing out of the contract, it is in form, *ex delicto* and *case*. . . ." 18 Ala. at 190.

We view the narrow question here presented to be whether the law will imply a promise on the part of a hospital to use reasonable care in treating a patient in the absence of an express contract to that effect.

■ Clearly, an action for negligence would be maintainable under these facts in the absence of statutory immunity. The election of remedies between an action *ex delicto* and *ex contractu* is permissible where the duties imposed by each (contract-tort) overlap. When a given act is both a breach of a contractual duty (expressed or implied) and a duty imposed by tort law, the plaintiff has the opportunity of electing his remedy. There are many instances in our law where these separate duties are concomitant. It is not the character of the act constituting the breach which necessarily determines the remedy; it is rather the character or nature of the duty or duties breached which determines the remedy or remedies available.

It is perhaps unfortunate that the court has on occasion used the misfeasance-nonfeasance concept to distinguish whether a contract or tort action would lie. The mode of breach is not so important as the duty breached. It is possible for both a contractual duty and a tort duty to be breached by misfeasance as well as nonfeasance. Certainly, the tort duty to act prudently can be breached by both an act or a failure to act (commission-omission), and the same is true with regard to a contractual duty. For example, in the present case if the hospital had expressly agreed to use reasonable care in the treatment of appellant, no one would have even bothered to attach any significance to whether the breach was one of misfeasance or nonfeasance, for the result would have been the same.

■ There are two kinds of implied contracts—those implied in fact and those implied in law. Contracts implied in law are more properly described as quasi or constructive contracts where the law fictitiously supplies the promise to prevent a manifest injustice or unjust enrichment, etc.

■ It is conceivable that an action based on a contract implied in fact could be maintainable against a city hospital. This would depend upon the particular facts of a given case and the circumstances surrounding the hospital-patient relationship. The matter of contracts implied in fact, however, is not now before us. While some of the language in our decisions on the subject of contracts implied in law is not always uniform, the result of those decisions are to the effect that the law will not imply a promise on the part of a hospital to use due care. *Garig v. East End Memorial Hospital*, 279 Ala. 118, 182 So.2d 852 (1966); *Waters v. American Cas. Co. of Reading, Pa.*, 261 Ala. 252, 73 So.2d 524 (1953).

■ We think the wiser course is to refrain from distrubing the well established line of cases which have refused to imply a promise where none actually exists.

The difficulty has arisen where the plaintiff, foreseeing some impediment to recovering in tort (shortened statute of limitations, lack of evidence demonstrating negligence, inability to secure expert testimony, or, as here, statutory immunity) attempts to plead himself within the language of *Vines v. Crescent Transit Co.*, 264 Ala. 114, 85 So.2d 436 (1956), but fails to aver any *specific* terms of the contract allegedly breached. In other words, the complaint simply alleges that out of the hospital-patient relationship there arises an implied contract that the hospital not negli-

gently allow its patient to be injured. This was the nature of the complaint presented in *Garig*, supra, where the Court held:

". . . There is no averment of any specific terms in the contract requiring the exercise of reasonable care in performing the contract. In the absence of express terms to this effect in the contract, such terms will not be implied. *Waters v. American Casualty Co.*, supra." 279 Ala. at 121, 182 So.2d at 855.

The barrier to recovery here is not due to the fact that our contract law is wanting in this respect, but rather to the statutory immunity of appellee. In other words, the culprit so far as the appellant is concerned is immunity. This Court in *Jackson v. City of Florence*, S.C. 934, July 10, 1975, approached the problem head-on by overruling those cases which had in effect judicially imposed the immunity doctrine.

An equally compelling reason for holding as we do is that when the Legislature employed the term *ex delicto*; this term, as used in that context, had a definite meaning. *"Ex delicto"* had been judicially defined so far as we are here concerned and could be construed as a term of art. If we were to now give it a different meaning the result would be to totally frustrate legislative intent.

What we are saying is simply this; the law will not impose upon a hospital an implied contractual duty to keep its patients free from any and all negligent injuries.

We are therefore of the opinion that the trial court properly entered summary judgment for the appellee.

Affirmed.

MERRILL, BLOODWORTH, MADDOX, FAULKNER, JONES and SHORES, JJ., concur.

EMBRY, J., with whom HEFLIN, C. J., concurs, dissents.

EMBRY, Justice (dissenting):

I respectfully dissent. The opinion of my brother Almon is capsulated in the sentence therein:

" * * * While some of the language in our decisions on the subject of contracts implied in law is not always uniform, the result of those decisions is to the effect that the law will not imply a promise on the part of a hospital to use due care. * * *"

In support, principle reliance is placed on *Garig v. East End Memorial Hospital,* 279 Ala. 118, 182 So.2d 852 (1966) and authorities discussed therein. The error of such reliance is found in the very next sentence following the above quote:

"We think the wiser course is to refrain from disturbing the well established line of cases which have refused to imply a promise where none actually exists."

However, a perusal of *Garig* shows that there this court was considering whether there was such an implied promise *in the contract*:

" * * * In the absence of express terms to this effect *in the contract,* such *terms* will not be implied." Id. at 121, 182 So.2d at 855. (emphasis added)

*Garig* did not give sufficient consideration to quasi or constructive contracts. In the case of quasi contract the duty imposed by law implies the contract. Thus, by its decision today, the majority leaps from the holding of *Garig* that its *facts* would not support a finding of a duty under the contract to a broad and general holding that a hospital is under no duty to use due care under an implied contract. Under a quasi or constructive contract, the terms of which are imposed (implied) by law it has that duty.

My views concerning use of quasi contract as a theory upon which to base an ac-

tion ex contractu have recently been expressed in *Lorence v. Hospital Board of Morgan County,* 294 Ala. 614, 320 So.2d 631, 1975. This is a duty implied apart from the express contract between patient and hospital, or from one implied in fact based on the conduct of the parties (actual or tacit consent). The breach of such a duty is capable of remedy by an action ex contractu. Historically the action would be in assumpsit for restitution in order to make reparation to one for loss or injury previously inflicted.

The breach of duty imposed by law may be tortious or a tortious breach of contract; express, implied by law or implied in fact, either of which is subject to proof. The remedy is at the election of the party complaining of the wrong which resulted in injury. *Tennessee Coal, Iron & Railroad Co. v. Sizemore,* 258 Ala. 344, 62 So. 2d 459 (1952); *Sellers v. Noah,* 209 Ala. 103, 95 So. 167 (1923). The following from Am.Jur.2d is the most clear expression of the differences between express contracts, implied contracts and quasi or constructive contracts:

"Both express contracts and contracts implied in fact are based on consent. Evidently, in view of the fact that these are the contracts which are usually before the courts, it has been said that there is no contract without the consent of the parties. Clearly, however, such an observation must have been made without regard to the existence of certain legal duties which, though of a contractual nature, are not based on consent. These are sometimes spoken of as contracts implied in law, but are more properly called quasi-contracts or constructive contracts. They are contracts in the sense that they are remediable by the contractual remedy of assumpsit. In the case of such contracts, the promise is purely fictitious and is implied in order to fit the actual cause of action to the remedy. The liability exists from an implication of law that arises from the facts and circumstances independent of agreement or presumed intention. The intention of the parties in such case is entirely disregarded, while in cases of express contracts and contracts implied in fact the intention is of the essence of the transaction. As has been well said, in the case of actual contracts the agreement defines the duty, while in the case of quasi-contracts the duty defines the contract." 66 Am.Jur.2d, Restitution and Implied Contracts, § 2, pp. 942–943; *Broyles v. Brown Engineering Co.,* 275 Ala. 35, 151 So.2d 767 (1963); *Cowan v. Martin & Huckaby,* 246 Ala. 378, 20 So. 2d 769 (1945).

One further observation. Under our system of pleading, failure to allege the *specific terms* of a contract implied (imposed) by law (quasi or constructive contract) can have no effect on the substantive law which, in my view, defines the legal duties imposed upon the Hospital Building Authority. Those duties are of a contractual nature. For breach of these duties in this case plaintiff has a remedy ex contractu. The defined legal duties (contract terms) are to use due care in and about providing the lodging, food, nursing, treatment, care, medications, supplies and other services (including attendance from one place to another in the hospital) incident to hospitalization in skillfully operated hospitals.

HEFLIN, C. J., concurs.