368 So.2d 536 (1979)
Martha BONDS
v.
Jesse BROWN, Director of the Arab Hospital, a corp., et al.
77-696.
Supreme Court of Alabama.
March 9, 1979.
*537 F. L. Treanor, Jr., Huntsville, for appellant.
H. Nelson Camp, Huntsville, for appellees.
SHORES, Justice.
Martha Bonds brought an action for negligence and wantonness against Arab Hospital, a Corporation, and its administrator. The case went to trial before a jury. At the conclusion of plaintiff's evidence, the hospital requested a directed verdict or, in the alternative, summary judgment. The trial court indicated its willingness to grant a directed verdict but allowed the plaintiff to amend her complaint to include a claim for relief based on an alleged breach of contract. By her amended claim, plaintiff alleged that the hospital had agreed to provide her "safe and sufficient surroundings including room, bath facilities and board," and breached this contract by failing to properly maintain the bathroom. The trial court then granted a directed verdict for the defendants on all counts. Plaintiff appealed.
The accident occurred on March 31, 1976, between 6:00 and 7:00 p. m., in the bathroom adjacent to plaintiff's hospital room. She had been a patient at the hospital for eleven days prior to the day of her accident. The bathroom, in which she fell, opened to her room and to an adjoining room used by other patients.
Testimony showed that the plaintiff was helped to the bathroom door by her son, Terry. As she entered the bathroom, she said she lost her footing and fell. She attributed her fall to the slippery condition of the tile floor. After she fell, she observed the general condition of the bathroom and testified that the floor had a soapy substance on it, which she believed to be shaving cream. The plaintiff had used the bathroom regularly without incident during her entire stay in the hospital, and had used it approximately two hours before she fell, at which time it was clean. The plaintiff and her son, who was with her for an hour or more before she fell, agreed that they heard no activity in the bathroom for a period of at least two hours prior to her accident.
*538 On a defendant's motion for directed verdict, the trial court must view the evidence in the light most favorable to the plaintiff. Vintage Enterprises, Inc. v. Cash, 348 So.2d 476 (Ala.1977). Having done so, it is proper to grant the directed verdict in accordance with ARCP 50(a), only where the strongest tendencies of all the evidence fall short of raising a reasonable inference of the movant's liability. Coburn v. American Liberty Ins. Co., 341 So.2d 717 (Ala.1977); Alabama Power Co. v. Taylor, 293 Ala. 484, 306 So.2d 236 (Ala.1975). If, at the close of all the plaintiff's evidence, the proof, taken at face value, did not present at least a scintilla of evidence on each of her claims for relief against either of the defendants, a directed verdict was proper.
The plaintiff contended her injuries were caused by the negligence of the hospital in maintaining the bathroom. Specifically, she claims the hospital breached its duty to exercise reasonable care to provide and maintain reasonably safe premises for her use as a patient. See, e. g., Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968); May-Bilt, Inc. v. Deese, 281 Ala. 579, 206 So.2d 590 (1967); Delchamps, Inc. v. Stewart, 47 Ala.App. 406, 255 So.2d 586 (1971).
In slip and fall cases, the plaintiffinvitee has the burden of proof on the issue of the negligence of the defendant-invitor. Delchamps, Inc. v. Stewart, supra.
In S. H. Kress & Co. v. Thompson, 267 Ala. 566, 569, 103 So.2d 171, 174 (1957), that burden was defined as follows:
". . . So to prove negligence on the part of the defendant it is necessary to prove that the foreign substance was on the floor a sufficient length of time to impute constructive notice to the defendant, or that he had actual notice, or that he was delinquent in not discovering and removing it. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors.. . ."
In the instant case, plaintiff offered no evidence that the hospital had actual notice of the condition she claims existed in the bathroom. She offered no evidence from which it might be reasonably inferred that the hospital was delinquent in not discovering and removing the offending substance from the bathroom floor. Finally, no evidence was offered to support a claim that the foreign substance was on the floor a sufficient length of time to impute constructive notice of its presence to the hospital. See: Great Atlantic & Pacific Tea Co. v. Bennett, 267 Ala. 538, 103 So.2d 177 (1958); Great Atlantic & Pacific Tea Co. v. Weems, 266 Ala. 415, 96 So.2d 741 (1957); Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So.2d 274 (1953).
Because the plaintiff failed to present any evidence from which it might reasonably be inferred that the hospital was on notice of the bathroom's condition, the trial court properly granted the directed verdict in favor of the hospital on the negligence claim. Coburn v. American Liberty Ins. Co., supra.
The court was equally correct in granting a directed verdict in favor of the defendants on the attempted contract claim. There was no evidence offered to support a claim for relief on the contract theory. In fact, the amended complaint did no more than restate in contract terms a breach of duty imposed by law, i. e., it simply restated the negligence claim. See: Berry v. Druid City Hospital Board, 333 So.2d 796 (Ala.1976); Green v. The Hospital Building Authority of City of Bessemer, 294 Ala. 467, 318 So.2d 701 (1975).
We find no error and affirm the judgment appealed from.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, MADDOX, FAULKNER, JONES and ALMON, JJ., concur.
EMBRY and BEATTY, JJ., dissent.
*539 BEATTY, Justice (dissenting):
This case presented both a tort and contract claim. I believe the directed verdict on the tort claim was proper, however I am unable to agree that there was no scintilla of evidence present to create a jury question on the contract claim.
The contract claim alleged that the hospital had agreed to provide the plaintiff "safe and sufficient surroundings including room, bath facilities and board," and had breached this contract by failing to properly maintain the bathroom. Under our rule of notice pleading this together with the demand for judgment was sufficient to state a claim. Rules 8(a), 84, Form 3, ARCP. The majority opinion states, however, "the amended complaint did no more than restate in contract terms a breach of duty imposed by law, i. e., it simply restated the negligence claim." I do not understand the law to be that one may not base a contract upon a duty that exists legally, nor do I believe it is unheard of to ask for relief in the alternative. See Rule 8(a), ARCP.
It takes no citation of authority to underscore the fact that hospitals do not give their services away. They undertake to provide them in return for a remuneration. Accordingly, when a patient enters into a relationship with a hospital he has a right to assume certain conditions of that relationship which he and the hospital understand to be basic. That a contract may be in fact formed here is not fantasy, but rather obvious.
The majority held that "[t]here was no evidence offered to support a claim for relief on the contract theory." I believe however that the evidence adduced at trial could support inferences that the plaintiff was accepted into the hospital for a consideration, that the hospital in fact impliedly agreed by accepting her to maintain the premises in a safe and sufficient condition and that a breach of that contract resulted in her injury. We have held before that such inferences are sufficient to send the case to a jury, and indeed sufficient to support a judgment. See Berry v. Druid City Hospital Board, 333 So.2d 796 (Ala.1976).
In Berry, supra, we reversed a trial court's entry of judgment N.O.V.[1] The complaint in that case presented two counts on a contract claim. These counts stated in pertinent part:
". . . Plaintiff further alleges that defendants entered into an implied contract with the plaintiff wherein and whereby, for a consideration, the defendants impliedly contracted, undertook, promised or agreed to treat, observe and care for the said plaintiff's condition. Plaintiff further alleges that the said defendants did not perform or fulfill its implied contract properly to treat or care for the said plaintiff or to assist in the treatment of her condition, or to give the plaintiff the required treatment and needed medication; but on the contrary, the defendants in violation of its contract allowed the plaintiff to remain in the emergency room in an unattended condition and that the plaintiff was thereby permitted to fall off the stretcher upon which she had been placed. . . ."
. . . . . .
". . . that the defendants entered into an implied contract with the plaintiff wherein and whereby, for a consideration, the defendants impliedly contracted, undertook, promised or agreed to treat, observe and care for the said plaintiff's sick condition. Plaintiff further alleges that said defendant after having accepted said contract did not fulfill or perform its contract to treat, nurse, observe and care for said plaintiff as impliedly agreed, or to give the plaintiff the service agreed to, but on the contrary, in violation of the terms of said contract, the defendants *540 failed to give the plaintiff assistance, supervision and attention, and left the plaintiff on a stretcher unattended in the emergency room, all in violation of the terms of the implied contract . . ."
This complaint, the plurality opinion stated, allowed the inference that the plaintiff had been "accepted in the emergency room for treatment . . . that there was an implied contract, via the defendant's conduct in accepting the plaintiff for treatment, to give her attention [while in the emergency room] and that breach of this contract caused the plaintiff damage." A special concurrence, in which four justices concurred, states that Count One of the complaint was "almost exactly" like the complaint in Paul v. Escambia County Hospital Board, 283 Ala. 488, 218 So.2d 817 (1969). Because, they implied, there was a remedy in Paul, there was a remedy in Berry, supra, as well. It is clear then, that a majority of this Court in Berry agreed that a claim was sufficient where there can be inferred from the evidence an implied contract, its breach, and damage to the plaintiff from that breach. In light, then, of Berry supra, Paul, supra, and that case law which requires the Court on such a motion to indulge every inference in favor of the nonmoving party, Alford v. City of Gadsden, 349 So.2d 1132 (Ala.1977); Beloit Corp. v. Harrell, 339 So.2d 992 (Ala.1976), I would reverse and remand this implied in fact contract claim to the jury.
Moreover, I see no reason that a contract in law could not be implied in this situation. The reasoning behind the refusal of this Court to so imply has never been really explained. See Berry v. Druid City Hosp. Bd., 333 So.2d 796 (Ala.1976); Green v. Hospital Building Authority of City of Bessemer, 294 Ala. 467, 318 So.2d 701 (1975). One voice on this Court has steadfastly maintained that the shyness we exhibit for a contractual duty implied in law results from a misreading of Garig v. East End Memorial Hosp., 279 Ala. 118, 182 So.2d 852 (1966). See Green, supra (Embry dissenting); Embry, "Ex Contractu Actions Against Public Hospitals for Personal Injury," 38 Alabama Lawyer 305 (July, 1977) at 308. In his dissents to Green, supra, and Lorence v. Hosp. Bd. of Morgan County, 294 Ala. 614, 320 So.2d 631 (1975), Justice Embry stated
[t]he breach of duty imposed by law may be tortious or tortious breach of contract; express, implied by law or implied in fact, either of which is subject to proof and the remedy is a matter of election by the party complaining . . . .
Quoting in Green, supra, from 66 Am. Jur.2d, Restitution and Implied Contracts, § 2, (1973) at 942-943, Justice Embry stated:
The liability exists from an implication of law that arises from the facts and circumstances independent of agreement or presumed intention. The intention of the parties in such case is entirely disregarded, while in cases of express contracts and contracts implied in fact the intention is of the essence of the transaction. As has been well said, in the case of actual contracts the agreement defines the duty, while in the case of quasi-contracts the duty defines the contract. . . .
Apart from my own views that the facts of this case would sufficiently present an issue of contract implied in fact, I agree with Justice Embry's views that a duty implied in law might be found from our inspection of those well defined services which a patient expects to receive and hospitals expect to render. Green, supra. I believe that in this case a duty of due care in the maintenance of the bathrooms could be implied. It is then for the jury to decide whether or not this contracted duty was breached by the hospital in this case. For these reasons I would reverse the directed verdict on the contract claim and return the case to the jury.
EMBRY, J., concurs.
NOTES
[1] While the present case involves a motion for directed verdict and not a motion for judgment N.O.V., the precedential value of cases viewing a motion of one kind for that of the other is excellent. This follows because both motions test the sufficiency of evidence in the same way, that is by use of the "scintilla rule." Rule 50(e), ARCP; McLarty v. Wright, 56 Ala.App. 346, 321 So.2d 687 (Civ.App.1975).