Martha Bonds brought an action for negligence and wantonness against Arab Hospital, a Corporation, and its administrator. The case went to trial before a jury. At the conclusion of plaintiff's evidence, the hospital requested a directed verdict or, in the alternative, summary judgment. The trial court indicated its willingness to grant a directed verdict but allowed the plaintiff to amend her complaint to include a claim for relief based on an alleged breach of contract. By her amended claim, plaintiff alleged that the hospital had agreed to provide her "safe and sufficient surroundings including room, bath facilities and board," and breached this contract by failing to properly maintain the bathroom. The trial court then granted a directed verdict for the defendants on all counts. Plaintiff appealed.
The accident occurred on March 31, 1976, between 6:00 and 7:00 p.m., in the bathroom adjacent to plaintiff's hospital room. She had been a patient at the hospital for eleven days prior to the day of her accident. The bathroom, in which she fell, opened to her room and to an adjoining room used by other patients.
Testimony showed that the plaintiff was helped to the bathroom door by her son, Terry. As she entered the bathroom, she said she lost her footing and fell. She attributed her fall to the slippery condition of the tile floor. After she fell, she observed the general condition of the bathroom and testified that the floor had a soapy substance on it, which she believed to be shaving cream. The plaintiff had used the bathroom regularly without incident during her entire stay in the hospital, and had used it approximately two hours before she fell, at which time it was clean. The plaintiff and her son, who was with her for an hour or more before she fell, agreed that they heard no activity in the bathroom for a period of at least two hours prior to her accident. *Page 538 
On a defendant's motion for directed verdict, the trial court must view the evidence in the light most favorable to the plaintiff. Vintage Enterprises, Inc. v. Cash, 348 So.2d 476
(Ala. 1977). Having done so, it is proper to grant the directed verdict in accordance with ARCP 50 (a), only where the strongest tendencies of all the evidence fall short of raising a reasonable inference of the movant's liability. Coburn v.American Liberty Ins. Co., 341 So.2d 717 (Ala. 1977); AlabamaPower Co. v. Taylor, 293 Ala. 484, 306 So.2d 236 (Ala. 1975). If, at the close of all the plaintiff's evidence, the proof, taken at face value, did not present at least a scintilla of evidence on each of her claims for relief against either of the defendants, a directed verdict was proper.
The plaintiff contended her injuries were caused by the negligence of the hospital in maintaining the bathroom. Specifically, she claims the hospital breached its duty to exercise reasonable care to provide and maintain reasonably safe premises for her use as a patient. See, e.g., FoodtownStores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968);May-Bilt, Inc. v. Deese, 281 Ala. 579, 206 So.2d 590 (1967);Delchamps, Inc. v. Stewart, 47 Ala. App. 406, 255 So.2d 586
(1971).
In slip and fall cases, the plaintiff-invitee has the burden of proof on the issue of the negligence of the defendant-invitor. Delchamps, Inc. v. Stewart, supra.
In S.H. Kress Co. v. Thompson, 267 Ala. 566, 569,103 So.2d 171, 174 (1957), that burden was defined as follows:
 ". . . So to prove negligence on the part of the defendant it is necessary to prove that the foreign substance was on the floor a sufficient length of time to impute constructive notice to the defendant, or that he had actual notice, or that he was delinquent in not discovering and removing it. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. . . ."
In the instant case, plaintiff offered no evidence that the hospital had actual notice of the condition she claims existed in the bathroom. She offered no evidence from which it might be reasonably inferred that the hospital was delinquent in not discovering and removing the offending substance from the bathroom floor. Finally, no evidence was offered to support a claim that the foreign substance was on the floor a sufficient length of time to impute constructive notice of its presence to the hospital. See: Great Atlantic Pacific Tea Co. v. Bennett,267 Ala. 538, 103 So.2d 177 (1958); Great Atlantic PacificTea Co. v. Weems, 266 Ala. 415, 96 So.2d 741 (1957); GreatAtlantic Pacific Tea Co. v. Popkins, 260 Ala. 97,69 So.2d 274 (1953).
Because the plaintiff failed to present any evidence from which it might reasonably be inferred that the hospital was on notice of the bathroom's condition, the trial court properly granted the directed verdict in favor of the hospital on the negligence claim. Coburn v. American Liberty Ins. Co., supra.
The court was equally correct in granting a directed verdict in favor of the defendants on the attempted contract claim. There was no evidence offered to support a claim for relief on the contract theory. In fact, the amended complaint did no more than restate in contract terms a breach of duty imposed by law, i.e., it simply restated the negligence claim. See: Berry v.Druid City Hospital Board, 333 So.2d 796 (Ala. 1976); Green v.The Hospital Building Authority of City of Bessemer, 294 Ala. 467, 318 So.2d 701 (1975).
We find no error and affirm the judgment appealed from.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES and ALMON, JJ., concur.
EMBRY and BEATTY, JJ., dissent. *Page 539