This case presented both a tort and contract claim. I believe the directed verdict on the tort claim was proper, however I am unable to agree that there was no scintilla of evidence present to create a jury question on the contract claim.
The contract claim alleged that the hospital had agreed to provide the plaintiff "safe and sufficient surroundings including room, bath facilities and board," and had breached this contract by failing to properly maintain the bathroom. Under our rule of notice pleading this together with the demand for judgment was sufficient to state a claim. Rules 8 (a), 84, Form 3, ARCP. The majority opinion states, however, "the amended complaint did no more than restate in contract terms a breach of duty imposed by law, i.e., it simply restated the negligence claim." I do not understand the law to be that one may not base a contract upon a duty that exists legally, nor do I believe it is unheard of to ask for relief in the alternative. See Rule 8 (a), ARCP.
It takes no citation of authority to underscore the fact that hospitals do not give their services away. They undertake to provide them in return for a remuneration. Accordingly, when a patient enters into a relationship with a hospital he has a right to assume certain conditions of that relationship which he and the hospital understand to be basic. That a contract may be in fact formed here is not fantasy, but rather obvious.
The majority held that "[t]here was no evidence offered to support a claim for relief on the contract theory." I believe however that the evidence adduced at trial could support inferences that the plaintiff was accepted into the hospital for a consideration, that the hospital in fact impliedly agreed by accepting her to maintain the premises in a safe and sufficient condition and that a breach of that contract resulted in her injury. We have held before that such inferences are sufficient to send the case to a jury, and indeed sufficient to support a judgment. See Berry v. DruidCity Hospital Board, 333 So.2d 796 (Ala. 1976).
In Berry, supra, we reversed a trial court's entry of judgment N.O.V.[1] The complaint in that case presented two counts on a contract claim. These counts stated in pertinent part:
 ". . . Plaintiff further alleges that defendants entered into an implied contract with the plaintiff wherein and whereby, for a consideration, the defendants impliedly contracted, undertook, promised or agreed to treat, observe and care for the said plaintiff's condition. Plaintiff further alleges that the said defendants did not perform or fulfill its implied contract properly to treat or care for the said plaintiff or to assist in the treatment of her condition, or to give the plaintiff the required treatment and needed medication; but on the contrary, the defendants in violation of its contract allowed the plaintiff to remain in the emergency room in an unattended condition and that the plaintiff was thereby permitted to fall off the stretcher upon which she had been placed. . . ."
. . . . .
 ". . . that the defendants entered into an implied contract with the plaintiff wherein and whereby, for a consideration, the defendants impliedly contracted, undertook, promised or agreed to treat, observe and care for the said plaintiff's sick condition. Plaintiff further alleges that said defendant after having accepted said contract did not fulfill or perform its contract to treat, nurse, observe and care for said plaintiff as impliedly agreed, or to give the plaintiff the service agreed to, but on the contrary, in violation of the terms of said contract, the defendants *Page 540 
failed to give the plaintiff assistance, supervision and attention, and left the plaintiff on a stretcher unattended in the emergency room, all in violation of the terms of the implied contract . . ."
This complaint, the plurality opinion stated, allowed the inference that the plaintiff had been "accepted in the emergency room for treatment . . . that there was an implied contract, via the defendant's conduct in accepting the plaintiff for treatment, to give her attention [while in the emergency room] and that breach of this contract caused the plaintiff damage." A special concurrence, in which four justices concurred, states that Count One of the complaint was "almost exactly" like the complaint in Paul v. Escambia CountyHospital Board, 283 Ala. 488, 218 So.2d 817 (1969). Because, they implied, there was a remedy in Paul, there was a remedy inBerry, supra, as well. It is clear then, that a majority of this Court in Berry agreed that a claim was sufficient where there can be inferred from the evidence an implied contract, its breach, and damage to the plaintiff from that breach. In light, then, of Berry supra, Paul, supra, and that case law which requires the Court on such a motion to indulge every inference in favor of the nonmoving party, Alford v. City ofGadsden, 349 So.2d 1132 (Ala. 1977); Beloit Corp. v. Harrell,339 So.2d 992 (Ala. 1976), I would reverse and remand this implied in fact contract claim to the jury.
Moreover, I see no reason that a contract in law could not be implied in this situation. The reasoning behind the refusal of this Court to so imply has never been really explained. SeeBerry v. Druid City Hosp. Bd., 333 So.2d 796 (Ala. 1976); Greenv. Hospital Building Authority of City of Bessemer, 294 Ala. 467, 318 So.2d 701 (1975). One voice on this Court has steadfastly maintained that the shyness we exhibit for a contractual duty implied in law results from a misreading ofGarig v. East End Memorial Hosp., 279 Ala. 118, 182 So.2d 852
(1966). See Green, supra (Embry dissenting); Embry, "Ex Contractu Actions Against Public Hospitals for Personal Injury," 38 Alabama Lawyer 305 (July, 1977) at 308. In his dissents to Green, supra, and Lorence v. Hosp. Bd. of MorganCounty, 294 Ala. 614, 320 So.2d 631 (1975), Justice Embry stated
 [t]he breach of duty imposed by law may be tortious or tortious breach of contract; express, implied by law or implied in fact, either of which is subject to proof and the remedy is a matter of election by the party complaining. . . .
Quoting in Green, supra, from 66 Am.Jur.2d, Restitution and Implied Contracts, § 2, (1973) at 942-943, Justice Embry stated:
 The liability exists from an implication of law that arises from the facts and circumstances independent of agreement or presumed intention. The intention of the parties in such case is entirely disregarded, while in cases of express contracts and contracts implied in fact the intention is of the essence of the transaction. As has been well said, in the case of actual contracts the agreement defines the duty, while in the case of quasi-contracts the duty defines the contract . . .
Apart from my own views that the facts of this case would sufficiently present an issue of contract implied in fact, I agree with Justice Embry's views that a duty implied in law might be found from our inspection of those well defined
services which a patient expects to receive and hospitals expect to render. Green, supra. I believe that in this case a duty of due care in the maintenance of the bathrooms could be implied. It is then for the jury to decide whether or not this contracted duty was breached by the hospital in this case. For these reasons I would reverse the directed verdict on the contract claim and return the case to the jury.
EMBRY, J., concurs.
[1] While the present case involves a motion for directed verdict and not a motion for judgment N.O.V., the precedential value of cases viewing a motion of one kind for that of the other is excellent. This follows because both motions test the sufficiency of evidence in the same way, that is by use of the "scintilla rule." Rule 50 (e), ARCP; McLarty v. Wright,56 Ala. App. 346, 321 So.2d 687 (Civ.App. 1975). *Page 541