473 So.2d 1047 (1985)
Peggy LEMMOND, Executrix of the Estate of Richard D. Lemmond, Deceased
v.
John B. SEWELL; J.T. Smith; Stephen Branning; and Robert W. Peete.
84-635.
Supreme Court of Alabama.
June 21, 1985.
*1048 Thomas M. Di Giulian, Decatur, for appellant.
John S. Ley and William L. Middleton of Eyster, Key, Tubb, Weaver & Roth, Decatur, for appellees.
SHORES, Justice.
The single issue presented by this appeal is whether the action alleged in the plaintiff's complaint survived the death of plaintiff's decedent under § 6-5-462, Ala.Code 1975. If it sounds in contract, it does; if it is actually a tort claim, it does not.
Plaintiff Peggy Lemmond, as executrix of the estate of Richard D. Lemmond, deceased, brought this action against the four defendants, all of whom are medical doctors.
She alleges that each defendant physician "impliedly contracted, undertook, promised or agreed" to provide professional medical care and that each "in violation of said implied contract" failed to provide such medical treatment, causing the plaintiff's decedent to suffer physical and mental pain, for which she seeks damages.
The trial court granted the defendants' motion to dismiss, and plaintiff appeals. We affirm.
Plaintiff concedes that the claim is barred if it sounds in tort, because it was not filed before Richard Lemmond died. Section 6-5-462, Code 1975, provides that
"all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed ... survive in favor of and against personal representatives...."
Thus, if the claim stated in the complaint is a tort claim, it will not lie, having not been filed before Richard Lemmond's death. McDowell v. Henderson Mining Co., 276 Ala. 202, 160 So.2d 486 (1963).
The action is not one for wrongful death, but one seeking recovery for damages resulting from the defendant physicians' breach of an alleged implied promise to render medical treatment to Richard Lemmond.
In Berry v. Druid City Hospital Board, 333 So.2d 796 (Ala.1976), the Court observed that the law does not imply a contract to exercise due care in the delivery of medical services by a hospital, but does *1049 impose a duty to do so, the breach of which gives rise to a tort action. The same is true of physicians. Specifically, the Court held:
"The duty of a hospital to use due care in the treatment of its patients is an obligation created by law; and the breach of that duty is a failure to observe a reasonable standard of due care under the circumstances which gives rise to the tort action. There exists a duty implied by law, as opposed to a contract implied by law, to exercise due care, the breach of which gives rise to an action in tort. We again affirm those decisions which refuse to imply a contract in law to impose a duty upon a hospital to use due care in the treatment of its patients."
333 So.2d at 799 (emphasis in original).
We cannot distinguish between a hospital and a physician in this regard. The law exacts from each a duty to exercise due care in the delivery of medical treatment. It does not imply a contract to do so. If either breaches this duty, resulting in injury to another, a tort claim, but not a contract claim, arises.
In Green v. Hospital Bldg. Authority of City of Bessemer, 294 Ala. 467, 470, 318 So.2d 701, 704 (1975), we said:
"We think the wiser course is to refrain from disturbing the well established line of cases which have refused to imply a promise where none actually exists."
The law implies a duty on the part of a physician to exercise due care; it does not imply a promise on his part to do so. The breach of that duty is actionable in tort, not in contract, and one cannot circumvent these legal restrictions where, as here, it is apparent that a tort action has been stated. Its character is not changed by labeling the action one for breach of an implied contract, nor does the allegation that the defendants "impliedly contracted... or agreed to treat ... and care for," etc., make it so. In Green, supra, we also said:
"There are two kinds of implied contractsthose implied in fact and those implied in law. Contracts implied in law are more properly described as quasi or constructive contracts where the law fictitiously supplies the promise to prevent a manifest injustice or unjust enrichment, etc."
294 Ala. at 470, 318 So.2d at 704.
The Court went on to say that the matter of contracts implied in fact was not involved in Green. Neither is it involved here. We hold that the law does not imply a promise on the part of a physician to use due care in treating a patient. Whether, under particular circumstances, a promise may in fact be implied, we do not decide, for that is not the case before us.
See, also, Brown v. Schultz, 457 So.2d 388 (Ala.1984).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX and JONES, JJ., concur.
BEATTY, J., concurs specially.
BEATTY, Justice (concurring specially):
Although I continue to hold the view expressed in my dissenting opinion in Bonds v. Brown, 368 So.2d 536 (Ala.1979), I recognize that the majority does not share that view. Therefore, I will no longer persist in dissent.