I write to emphasize that we are not retreating from our long established rule that the law does not imply apromise by, but rather imposes a duty on, a medical provider, to exercise due care. Lemmond v.Sewell, 473 So.2d 1047 (Ala. 1985). Therefore failure to exercise due care is actionable in tort rather than in contract.
However, in Lemmond, we went on to point out that no question concerning an implied in fact as opposed to an implied in law contract was involved. The present case allegedly involves an express or implied in fact contract. In addition, the question arises in a summary judgment context; therefore, plaintiff need only produce a scintilla of evidence to support his claim that such an implied in fact contract exists. Sanders v. Kirkland Co.,510 So.2d 138 (Ala. 1987).
The facts reveal that the defendant intended to use a fairly new procedure to remedy Mr. Moore's problem. The facts support the argument that defendant expressly stated that he had the skills to perform the procedure and that he would exercise due care. In addition to the deposition testimony of the defendant set forth in the majority opinion, the following appears in the deposition testimony of the plaintiff. In response to a question about why Mr. Moore had not read the consent-to-operation form, he replied, "How many would read anything like that, when you're sure of adoctor knowing his job . . .?" Later, in response to questioning about whether the defendant told him about the procedure to be performed and whether the defendant had told him that he knew what he was doing, the plaintiff said: "And he said — he assured me he did. That he knew what he was doing. It was sort of a new procedure, he said." In addition, Mr. Moore testified, "And then he said, 'Well, Terry, what I'm doing is just assuring you that I know what I'm doing.' "
In light of the defendant's affirmative answer to the question of whether he expressly, or by conduct, indicated that he would use due care, and plaintiff's testimony that indicates the defendant may have made such statements, I agree that there was a scintilla of evidence of an express or implied in fact contract.