182 So.2d 852

Gladys Maude GARIG

v.

EAST END MEMORIAL HOSPITAL.

6 Div. 210.

Supreme Court of Alabama.

Feb. 10, 1966.

Higgins, Windham, Perdue & Johnson and Sheffield & Kelly, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

HARWOOD, Justice.

The two counts (Count 3, as amended, and Count 4) on which issue was eventually joined in the proceedings below claimed damages for personal injuries allegedly received while the plaintiff was a patient in the defendant East End Memorial Hospital.

Count 3, as amended, avers that the plaintiff suffered a break at the neck of the femur bone, and became a patient in defendant's hospital, in which patients were given care and treatment for a reward; that the plaintiff contracted with the defendant for general hospital care and treatment for her injury, and that the plaintiff performed her contract in full by paying all hospital charges and submitted herself as a patient, and was accepted by the defendant as a patient.

The count further avers that on 26 May 1959, the head of the femur was removed and was replaced by a prosthesis in the hospital; that the defendant breached the contract between the plaintiff and defendant by moving or turning plaintiff in her bed in such a rough manner as to proximately cause the prosthesis to come out of its socket, which conduct was not the usual care and treatment furnished by defendant to patients in said hospital.

Count 4 is substantially the same as Count 3, as amended, and avers that the defendant was engaged in the business of operating a hospital, and undertook to furnish general hospital care to the plaintiff and to exercise that degree of care to the plaintiff that hospitals in the same general neighborhood exercise. The count then alleges that the defendant breached its contract with the plaintiff by so negligently moving or turning her as to cause the prosthesis to break from its socket.

Demurrers to the two above counts being overruled, the defendant filed a plea of the general issue and the following additional special pleas to each and every count:

"2. This defendant, for answer to said court (sic), says that the claim alleged therein against it is barred by the statute of limitations of one year.

"3. This defendant, for said count, says that the matters alleged therein as the basis of the plaintiff's cause of action did not occur within one year before the commencement of this action."

The plaintiff's demurrers to defendant's pleas being overruled, the plaintiff declined to plead further, and moved for a non-suit because of said adverse ruling. The motion for a non-suit being granted, this appeal was perfected.

Although not in Code form, pleas 2 and 3, supra, are sufficient as pleas of the statute of limitations of one year, if the action does not arise from a contract. Section 26, Title 7, Code of Alabama

1940; Ellis v. Black Diamond Coal Mining Company, 268 Ala. 576, 109 So.2d 699.

The injury occurred on 28 May 1959. Suit was filed 10 May 1962, some two years, eleven months and twenty days after the injury.

The propriety of the lower court's ruling in overruling the demurrer to the pleas of the statute of limitations must therefore be determined upon whether the action be deemed to sound in case (tort), with a statute of limitations of one year, or in contract, with a statute of limitations of six years.

It is apparent that the plaintiff, by the language of her complaint, has attempted to bring her cause of action as one ex contractu. However, as stated in 1 C.J.S. Actions § 47, at page 1103:

"In determining the choice of remedy as between an action in contract and an action in tort the source of the duty violated must be ascertained."

And at Section 46, supra, it is stated:

" * * * if the complaint states a cause of action in tort and it appears that this is the gravamen of the complaint, the nature of the action as ex delicto is not affected or changed by allegations in regard to the existence or breach of a contract, which may be disregarded as surplusage, or treated as matter of inducement, as where the contract serves merely to show the relation between the parties and the existence and nature of the duty out of which the liability in tort arose."

In our early case of Wilkinson v. Moseley, 18 Ala. 288, 290, this court observed:

"It is often a matter of difficulty to determine whether an action is in form ex contractu or ex delicto. Perhaps the best criterion is this; if the cause of action, as stated in the declaration, arises from a breach of promise, the action is ex contractu; but if the cause of action arises from a breach of duty,

growing out of the contract, it is in form, ex delicto and case. For instance, if the declaration allege the hiring of a horse to ride to a certain place, and that the defendant rode him so immoderately that he died, this would be case; for the contract of hiring imposed upon him the duty to ride in reason, or not unreasonably fast; but if the declaration allege the hiring, *and that he promised to ride with reasonable speed*, but not regarding his promise he rode the horse immoderately, whereby he died, the action may be considered assumpsit." (Italics ours.)

In Mobile Life Ins. Co. v. Randall, 74 Ala. 170, at 178, the court again sought to clarify the nature of the action arising from an injury resulting in the performance of a contract as follows:

" * * * if the transaction had its origin in a contract, which places the parties in such relation as that, in performing or attempting to perform the service promised, the tort or wrong is committed, then the breach of the contract is not the gravamen of the suit; * * * The wrongful act, outside the letter of the contract, is the gravamen of the complaint; * * * and in all such cases, the remedy is the action in the case. The contract is mere inducement and the action is on the case."

Again in the fairly recent case of Waters v. American Cas. Co. of Reading, Pa., 261 Ala. 252, 73 So.2d 524, the question with which we are now concerned was further elucidated:

"This Court has long since taken the position that under certain circumstances, for the breach of a contract there may be either an action of assumpsit or one in tort. That means that when there is a contract *expressed to exercise reasonable diligence* in the performance of an act, or when there is a specific contract to do an act,

a failure to exercise reasonable dili- gence on the one hand or to do the act on the other gives rise to an action of assumpsit. But when the contract is to exercise reasonable care to perform the act, a failure to exercise such reasonable care may be redressed by either assumpsit or in tort. Mobile Life Ins. Co. v. Randall, 74 Ala. 170; Tennessee Coal, Iron & Railroad Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459. When the contract *does not in terms require reasonable care in doing the act stipulated to be done,* the law imposes a duty—*but does not imply a contract*—to exercise due care in doing the act; *and, therefore, when negligence exists in doing that act an action in tort only is available* because there is no express or implied contract which is breached. Such is the result of our cases cited above.

"In the instant case there is *no express contract* to exercise reasonable care in performing the duties required of the insurer. Therefore, for negligence in the performance of those duties an action in tort only will lie, and then only if the law imposes a duty to exercise due care. * * *." (Italics ours.)

Counsel for appellant lays much stress upon Vines v. Crescent Transit Company, 264 Ala. 114, 85 So.2d 436. In Vines the complaint was in two counts. Count A alleged that the defendant entered into an "implied contract" for a consideration to transport the plaintiff from Fairfield to a regular and customary stopping place of defendant's in Bessemer; that the defendant breached the contract by transporting her thirty feet beyond the regular stopping point and required and permitted her to alight at said point which was not a reasonably safe place to disembark, and was obscured by darkness, and as of proximate consequence of said breach of contract she was injured. Count B charged the defendant with a negligent breach of such contract.

The limitations of one year for a tort action had run, but a majority of this court held that the action sounded in contract. This for the reason that:

"When plaintiff purchased transportation to a certain place under a contract to carry her to a regular stopping place, there was an implied promise not to carry plaintiff beyond the customary place of discharge (a breach, being actionable in assumpsit), also an implied duty not to negligently cause her to be injured in *performing the contract* (a breach of which is actionable ex delicto)."

Thus the ratio decidendi of the majority opinion was that the contract to transport included a promise not to transport beyond the regular and customary stopping place.

It is apparent that the two counts of the present complaint are drawn in an effort to come within the influence of *Vines.*

■ The alleged contractual obligation in each count is "to furnish to plaintiff general hospital care and treatment." There is no averment of any specific terms in the contract requiring the exercise of reasonable care in performing the contract. In the absence of express terms to this effect in the contract, such terms will not be implied. Waters v. American Casualty Co., supra.

■ In effect each count asserts that the defendant was engaged in performing the contract at the very time that plaintiff was injured by turning her in bed, clearly a breach of an implied non contractual duty not to injure the plaintiff—which as stated in *Vines,* supra, is the duty "not to negligently cause her to be injured in *performing the contract* (a breach of which is actionable ex delicto)."

In Marsh v. Southern Airways, Inc., (5 CCA) 316 F.2d 91, the pleadings were upon the theory that Southern Airways had entered into an implied contract to

transport the plaintiff safely from Atlanta to Huntsville, Alabama, and had breached this contractual obligation by a sudden and violent landing in which the plaintiff was injured. The suit was brought more than one year after the alleged injury, and the United States District Court for the Northern District of Alabama, per Lynne, J., entered a judgment adverse to the plaintiff on the defense of the statute of limitations.

In affirming this judgment the Circuit Court of Appeals noted: "The appellant here has attempted to plead himself within the language of the Vines opinion."

However the court, after reviewing the Alabama decisions, including Vines, concluded that the action was ex delicto, and that the lower court was correct in invoking the Alabama statute of limitations of one year, rather than the six year statute of limitations. applicable to contractual liability. .

It is our conclusion that the lower court was correct in overruling the appellant's demurrers to the pleas of the statute of limitations of one year.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.