I concur in the result because summary judgment was proper on the ground that the only theories presented in the complaint are each barred on a claim in tort. The amendment, which purported to add a count for breach of contract, averred merely that Defendant agreed to provide Plaintiff with reasonable and proper care and treatment. The breach of an implied agreement to provide due and reasonable care is a tort claim only and will not support an action sounding in contract; and this for the reason that the "reasonable care" allegation sets forth the precise standard imposed by law, the breach of which is a tort, whereby a claim based upon a breach *Page 249 
of contract must specify the terms of the contract alleged to have been breached.[1] Therefore, because the one-year statute of limitation applies to each asserted remedy in Plaintiff's statement of her claim, and, because the only remaining Defendant, Wanda Middleton, was added more than one year after the accrual of Plaintiff's. alleged cause of action, Plaintiff's claims are barred.
[1] Garig v. East End Memorial Hospital, 279 Ala. 118,182 So.2d 852 (1966). See, also, Holcomb v. Escambia County HospitalBoard, 291 Ala. 114, 278 So.2d 699 (1973), and Hall v. City ofHuntsville, 291 Ala. 124, 278 So.2d 708 (1973).