JONES, Justice
(concurring specially).
I agree that our holding in this case is controlled by Garig v. East End Memorial Hospital, 279 Ala. 118, 182 So.2d 852 (1966). For an in depth-discussion of the Garig principle and its application, see Holcomb v. Escambia County Hospital Board, 291 Ala. 114, 278 So.2d 699 (1973) (dissent on another point by Faulkner and Jones, JJ., 291 Ala. at 122,123, 278 So.2d at 706-707). Garig is clear to the point that an alleged breach of an implied contract to exercise reasonable care is but an allegation of the breach of an obligation imposed by law — an action ex delicto. This does not mean that no implied agreement may ever be the basis of an ex contractu action. By the very nature of certain relationships, there may be an implied agreement that, for a consideration, one party becomes obligated to another to perform (or not to perform) a specific act or course of conduct, the breach of which gives rise to a *282 contract action with a six-year statute of limitations. Paul v. Escambia County Hospital Board, 283 Ala. 488, 218 So.2d 817 (1969).
To be sure, this rationale bears a close resemblance to “common law pleading” language. But it is much more than that: It is the very essence of the cause of action; and, while the rules of procedure mandate liberality in our construction of pleadings, as against a statute of limitations defense, we must give the Garig principle, which is substantive and not procedural, its intended field of operation. Moreover, the instant case, appropriately, is being reviewed on its facts — on summary judgment — and not on its pleadings. These facts, at most, show only an implied obligation on the part of the insurance carrier to exercise reasonable care in the event it elected to inspect the premises., Thus, a suit claiming breach of that implied duty, filed more than one year after accrual of the cause of action, is barred by the one-year statute of limitations.