JONES, Justice.
Plaintiff Clarence Davis appeals from a Rule 54(b) order dismissing Defendant City of Mobile. The question before us involves the proper characterization of a particular cause of action. If the cause of action is in tort, Plaintiff’s cause is barred. On the other hand, if the cause of action is in contract, it is not barred. The trial court ruled that Plaintiff’s cause of action was in tort and thus barred by the statute of limitations. The court granted Defendant’s motion to dismiss.
We find the cause of action to be in contract and governed by the six-year, rather than the one-year, statute of limitations. Therefore, we reverse the trial court’s dismissal of the Defendant City of Mobile from Plaintiff’s lawsuit.
FACTS
On May 8, 1979, the City of Mobile entered into a “Metropolitan Entitlement Grant Agreement” with the United States Department of Housing and Urban Development (HUD). The grant provided the City with funds in the amount of $5,136,000 for area redevelopment. The City’s subcontractor for such projects was the Mobile Housing Board (MHB).
On July 9, 1982, Plaintiff, Clarence Davis, an employee of the Mobile Housing Board, was injured while working on an area redevelopment project. Plaintiff sued the City of Mobile, along with others. The relevant portions of Plaintiff’s complaint are as follows:
“11. On July 9, 1982, Davis was employed by MHB and was working [as] a laborer employee of MHB on a construction project generally referred to as the West Church Street Area Redevelopment Project (hereinafter ‘the Project’). The Project was one which involved construction work and the Project was paid for and/or financed with funds received from HUD pursuant to the Grant Agreement between the City and HUD. On said date MHB was using [a particular] mortar mixer and Davis as an employee of MHB was working with the mortar mixer in the course of working on the Project.
“12. On July 9, 1982, Davis was cleaning or removing hardened mortar from the mortar mixer in the usual and customary manner of using a hammer to chip the hardened mortar from the mortar mixer and while performing said work in said usual and customary manner a sliver of metal entered Davis’ eye.
“13. Davis avers that 29 CFR 1926.-20(a)(b) provides as follows:
“ ‘(a) Contractor requirements
“ ‘(1) Section 107 of the Act requires that it shall be a condition of each contract which is entered into under legislation subject to Reorganization Plan Number 14 of 1950 (64 Stat. 1267), as defined in § 1926.12, and is for construction, alteration, and/or repair, including painting and decorating, that no contractor or subcontractor for any part of the contract work shall require any laborer or mechanic employed in the performance of the con *927 tract work in surroundings or under working conditions which are unsanitary,, hazardous, or dangerous to his health or safety.
“ ‘(b) Accident prevention responsibilities.
“ ‘(1) It shall be the responsibility of the employer to initiate and maintain such programs, as may be necessary to comply with this part.’
“Davis avers that 29 CFR 1926.21(b)(2) provides as follows:
“ ‘(2) The employer shall instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury.’
“Davis avers that 29 CFR 1926.28(a) provides as follows:
“ ‘(2) The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions or where this part indicates the need for using such equipment to reduce the hazards to the employees.’
“Davis avers that 29 CFR 1926.102(a) provides as follows:
“ ‘(a) General
“ ‘(1) employees shall be provided with eye and face protection equipment when machines or operations present potential eye or face injury from physical, chemical, or radiation agents.’ ”
“14. Davis avers that the safety rules and regulations contained in 29 CFR ... 1926 ... were contractual obligations and responsibilities of the City by virtue of the Grant Agreement as alleged here-inabove. Davis avers that the City breached its Grant Agreement contract with HUD in the following joint and separate respects, to-wit:
“A. The City required Davis as a laborer to perform work in surroundings or working conditions which were hazardous and dangerous to his health and safety.
“B. The City failed to initiate and maintain safety programs necessary to comply with the construction safety rules and regulations in 29 CFR Part 1926.
“C. The City failed to instruct Davis in the recognition and avoidance of unsafe working conditions in chipping hardened mortar with a hammer.
“D. The City failed to instruct Davis as to the regulations applicable to his performing chipping work by chipping hardened mortar with a metal hammer so as to control or eliminate hazards or other exposures to injury of the nature sustained by Davis as alleged herein.
“E. The City failed to require Davis to wear appropriate personal eye and face protection while performing work on the project by chipping hardened concrete from the mortar mixer with a metal hammer.
“16. Davis avers that at the time he sustained the personal injuries as alleged hereinabove he was a laborer employee working on the Project which was financed or funded with funds received by the City pursuant to the Grant Agreements between the City and HUD as alleged hereinabove and that he was a third party beneficiary of said Grant Agreement contract.
“16. Davis avers that as a direct and proximate result of the City’s joint and separate breaches of contract as alleged hereinabove he has been injured and damaged in this, to-wit: he was rendered totally blind in one eye; he was caused to incur doctor bills, hospital bills, drug bills and other bills and expenses in caring for and treating his injuries and he will in the future be caused to incur such bills and expenses in caring for and treating his injuries; he was caused to suffer severe physical pain and mental anguish, still so suffers and will so suffer in the future; he was caused to lose time from his employment and was thereby caused to lose wages and his earning capacity was permanently impaired.
*928 “WHEREFORE, plaintiff demands judgment against defendant City of Mobile, Alabama, in the sum of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS plus costs.”
Defendant City of Mobile filed a motion to dismiss on the grounds that 1) Plaintiff’s complaint failed to state a claim upon which relief could be granted; 2) Plaintiff failed to file the required notice of claim with the City within six months, Code 1975, § 11-47-23;[1] and 3) Plaintiffs allegations against the City were barred by the one-year tort statute of limitations, Code 1975, § 6-2-39. Without explanation, the trial court granted the motion and dismissed the City of Mobile from Plaintiff's suit.

Opinion

The issues are narrowed in this case by Defendant City of Mobile’s statement in its brief that “the Grant Agreement may have contained some language stating that the City as Grantee, ‘shall remain fully obligated under the provisions of the Agreement notwithstanding its designation of any third party or parties for the undertaking of all or any part of the program.’ ” Because the City concedes that this language is in the Grant Agreement and offers no interpretation contrary to the plain meaning of the language, Plaintiff necessarily has stated a claim upon which relief may be granted. Thus, we have before us only the issue involving the failure to file a claim within six months and the issue of the one-year statute of limitations.
If Plaintiffs action against the City sounds in tort, then Plaintiff concedes that both his failure to file a claim with the City within six months and the one-year statute of limitations bar his action. Therefore, the question before us is: Does Plaintiff’s action sound in tort or in contract? In some instances, the facts may be such that a plaintiff may elect to sue either in tort or in contract. Tennessee Coal, Iron & R. Co. v. Sizemore, 258 Ala. 344, 350, 62 So.2d 459, 464 (1952); see, generally, Holcomb v. Escambia County Hospital Board, 291 Ala. 114, 278 So.2d 699 (1973) (Faulkner and Jones, JJ., dissenting on other issues). This Plaintiff chose to sue in contract.
Defendant City of Mobile argues, however, that even though Plaintiff elected to sue in contract, he should be unsuccessful because the gravamen of his complaint is in tort; therefore, this Defendant argues, Plaintiff’s allegations state a tort action. Indeed, “ ‘if the complaint states a cause of action in tort and it appears that this is the gravamen of the complaint, the nature of the action as ex delicto is not affected or changed by allegations in regard to the existence of breach of a contract.’ ” Garig v. East End Memorial Hospital, 279 Ala. 118, 120, 182 So.2d 852, 853 (1966) (quoting 1 C.J.S. Actions § 46 (1936)). Thus, we agree with the City’s statement of the law; but, we disagree with its interpretation of Plaintiff’s complaint. Plaintiff’s statement of the claim sets forth the contractual provisions of the Grant Agreement and very carefully and definitively outlines the City’s duty of care expressed in the contract, how it breached that duty, and how those “joint and separate breaches of contract” were the proximate cause of his injuries. The fact that these same alleged acts would also support an action ex delicto does not preclude an action ex contractu. Vines v. Crescent Transit Co., 264 Ala. 114, 119, 85 So.2d 436, 440 (1955).
We find the gravamen of the complaint to be in contract; therefore, the complaint is not time-barred.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.

. The parties concede that the six-month claim statute is applicable only as to ex delicto actions. Thus, the Plaintiffs failure to file a claim with the City is inconsequential if his action is ex contractu.