I would affirm the trial court's judgment as to all claims.
In Blumberg v. Touche Ross Co., 514 So.2d 922, 927 (Ala. 1987), this Court held:
 "In Alabama, one who contracts with another and expressly promises to use due care is undoubtedly liable in both tort and contract when his negligence results in injury to the other party. He is liable in contract for breaching an express promise to use care. He is liable in tort for violating the duty imposed by law on all people not to injure others by negligent conduct. The injured party has the choice of remedies when a contract contains an express promise to use due care. Eidson v. Johns-Ridout's Chapels, Inc., 508 So.2d 697, 701 (Ala. *Page 375 
1987); Comment, Contractual Recovery for Negligent Injury, 29 Ala.L.Rev. 517, 524-25 (1978)."
I can find no express promise to use due care in any document in the record. The only express contract that I can find consisted of a "certificate of purchase," an "order for interment," a receipt for that interment, and rules and regulations of the Public Cemetery of Cullman. None of these documents contains an express undertaking to use due care. Such a duty will not be implied so as to give rise to a contractual remedy, in the absence of an express term. See Blumberg v.Touche Ross Co., at 927, n. 4 (citing Garig v. East EndMemorial Hosp., 279 Ala. 118, 182 So.2d 852 (1966)).